DENSON *v.* GEORGIA RAILWAY AND ELECTRIC COMPANY.

HOLDEN, J. In an action for damages on account of the homicide of the plaintiff's husband, under the pleading and the evidence the following facts appeared: The plaintiff's husband was in the employment of one of the defendant's patrons, and was charged with the duty of repairing shafting, machinery, "and the like." The defendant contracted to deliver into the plant of the company, where the plaintiff's husband, worked currents of 220 volts of electricity on a wire for supplying power and 110 volts on each of two other wires used for feeding electric lights. While engaged in his duties, the plaintiff's husband came into contact with the wire or the bulb on an extension-cord connected with a wire feeding one of the electric lights, and received a shock causing his death. The defendant carried on its primary wires, to a transformer located near the plant, a current of 2300 volts, said transformer being for the purpose of reducing the current to that which the defendant was to supply to the plant. Various acts of negligence were alleged to have been committed by the defendant, which resulted in allowing the wire with which the plaintiff

came in. contact to become charged with an excessive and deadly current, and with respect to its failure to provide suitable appliances whereby this could have been prevented. The jury found for the defendant, and the plaintiff excepted to the order of the court denying her motion for a new trial. *Held:*

1. "Ordinary care" is a relative term, and the diligence which will amount to ordinary care varies according to the circumstances of each particular case. *Central R. &c. Co.* v. *Ryles,* 84 *Ga.* 420 (11 S. E. 499).

(*a*) A power company in furnishing electricity to patrons, with respect to employees of the latter rightfully on the premises of the patron and likely to come into contact with wires carrying the current supplied, is bound to use ordinary care, which demands that the power company shall use such diligence in preventing injuries to such employees as is commensurate with the danger involved in the use and control of such a subtile and deadly agency as electricity. 1 Thompson on Negligence, § 804.

(*b*) The court charged the jury as follows: "If you find, under the evidence and the law as given you in charge, that the defendant was supplying electricity to the building in which the plaintiff's husband was employed and at work, and that the defendant exercised ordinary care in supplying electric current and in supplying such appliances as were in general use at the time of the death of plaintiff's husband, then the plaintiff could not recover. The defendant is not required to put in every latest device; it is only required to use the kind of machinery in general use and that is reasonably suited for the purpose for which it was intended; and you are to consider this at the time of the accident." The court gave the jury other charges of a similar nature. Such charges were erroneous, for the reason that it was a question for the jury to determine as to whether or not the defendant, relatively to an employee of one of its patrons to whom it was supplying electricity, had exercised ordinary care if it did not use the "latest devices," but only used "the kind of machinery in general use and that is reasonably suited for the purpose for which it was intended."

2. As between the plaintiff and the defendant, there was no evidence to authorize a charge upon the subject of negligence on the part of the plaintiff's husband. (Lumpkin, J., dissents as to the point dealt with in this headnote.)

3. The charge: "To render the defendant liable for such negligence as would entitle the plaintiff to recover under the law as given you in charge, the evidence must by a preponderance go further and show that the defendant knew of the defective condition of the wires, if any is shown, or of their operation if shown, or by the exercise of ordinary care, as explained, could have discovered it or corrected it," was not accurate, as it confined the negligence of the defendant for which a recovery might be had to "the defective condition of the wires . . . or of their operation," whereas there were other grounds of negligence involved.

4. The use of the words "in your discretion," by the court in the charge complained of in the 10th ground of the amended motion for a new trial, while an inapt expression, was not likely to mislead the jury as to their province with respect to the subject-matter of the charge.

5. There was no error, for any reason assigned, requiring a new trial, with respect to the matters complained of in the other assignments of error.        *Judgment reversed. All the Justices concur.*
SEPTEMBER 23, 1910.

Damages.    Before Judge Ellis.    Fulton superior court.    April 10, 1909.

*James L. Key,* for plaintiff.

*Rosser & Brandon* and *Colquitt & Conyers,* for defendant.