ROBERT GADSDEN v. GEORGE H. CRAFTS ET AL.

(Filed 5 April, 1916.)

**Contracts—Indemnity—Contractor—Liens—Negligence—Torts—Nonsuit.**

An employee of a contractor to build a bridge for a railroad company sued the contractor, the railroad company, and the bonding company for the alleged negligence of the contractor and railroad company in causing a personal injury; and it appearing from the bond set out in the pleadings that it was solely to indemnify the railroad company against liens for labor and material, etc., used in the construction of the bridge, it is *Held*, that no liability could accrue to the railroad company arising out of the tort alleged, and that the motion of the bonding company to nonsuit should not only have been granted as to the plaintiff, but also as to the cross-bill filed by the railroad company, the codefendant.

APPEAL by Bonding and Insurance Company, one of defendants, from *Peebles, J.,* at February Term, 1916, of NEW HANOVER.

*Herbert McClammy for Bonding Company.*
*Davis & Davis for A. C. L. R. R., defendant, appellee.*
*John D. Bellamy & Son for S. A. L. R. R., defendant, appellee.*

CLARK, C. J. The complaint alleged that the plaintiff, an employee, had been injured by the negligence of the defendants, George H. Crafts & Co., contractors, and of the defendants Atlantic Coast Line Railroad Company and Seaboard Air Line Railroad Company, and in paragraph 9 alleged that the other defendant, the Massachusetts Bonding and Insurance Company, had issued a policy of insurance to the other defendants, or some of them, to secure them against loss or damage sustained by them from liability to their employees, and charging that, therefore, said defendant the Bonding and Insurance Company was also liable. The latter company demurred to the complaint, and the court sustained the demurrer. The Bonding Company then asked the court to enter judgment dismissing it, which the court declined to do because it had not demurred to the cross-bill filed by the two railroad companies which averred the liability of the Bonding Company to them by reason of it being surety on the indemnity bond executed to them by the contractor.

The Bonding Company then demurred to the cross-bill, and the court sustained the demurrer. The defendant railroad companies were then

granted leave to amend their answer, and alleged that George H. Crafts & Co. were hopelessly insolvent. Thereupon the court overruled the demurrer to the cross-bill, and the Bonding Company excepted and appealed.

In this ruling there was error. The defendant Bonding Company was brought into court by the plaintiff and its demurrer sustained. There was no cause of action set out in the complaint against the Bonding Company, and no right of action could accrue against it in favor of the other two defendants, the railroad companies.

It is unnecessary to consider the legal propositions urged by the counsel for the railroad companies, for a reference to the bond set out in the pleadings executed by the Bonding Company shows on its face that it did not cover the cause of action alleged in the complaint. That cause of action, according to the complaint, was that George H. Crafts & Co. in building a railroad bridge for the two defendant companies was negligent, so that the plaintiff sustained the personal injuries alleged. The bond given to said railroad companies by George H. Crafts and the defendant Bonding Company recited as follows: that the said Crafts & Co. had "assumed obligations to the Seaboard Air Line Railway Company and the Atlantic Coast Line Railroad Company with respect to the construction and completion for account of said companies at Fourth Street, Wilmington, N. C., located substantially as shown on the blue-prints, and as expressed in the covenants of the contractor in said agreement contained, to which reference is hereby made for greater certainty as to the terms thereof"; and further, that "should the contractor well and truly comply with each and every of the covenants of the contractor in said agreement contained, and indemnify and save harmless the Seaboard Air Line Railway Company and the Atlantic Coast Line Railroad Company *against any and all labor, material, or other liens* placed upon said work by reason of any act, default, or omission of the contractor, or any agents, servants, or employees of the contractor, or otherwise on account of contractor, and should further indemnify and save harmless the Seaboard Air Line Railway Company and the Atlantic Coast Line Railroad Company, as their respective interests may appear, in all other respects in said agreement provided for," then the obligation to be void; otherwise, to remain in full force and effect.

It will be seen that the contract of the Bonding Company could not be construed as embracing liability for personal injuries sustained by any employee by reason of the negligence of said contractor. Such liability is not "nominated in the bond," and does not come within the scope of the obligation of the Bonding Company, which covers matters affecting only the proper and faithful execution of the work, and against

liens, and does not embrace liability for torts. The cross-bill avers that the injury to plaintiff was caused by the negligence of the contractor in permitting the chute to become choked with cement. But this, if true, would only make the bond liable for loss of time or inferior work, and not for the tort causing injury to an employee.

The demurrer to the cross-bill filed by the railroad companies should have been sustained and the action dismissed as to said Bonding Company.

Reversed.