*James H. & Parke Skelton,* contra.

---

8666. McCURRY et al. v. CUNNINGHAM.

WADE, C. J. 1. Under the showing made, it does not appear that the judge abused his discretion in overruling the motion for a continuance, based upon the absence of one of the parties, who was also of counsel for the defendants and would testify in their behalf.

(*a*) Counsel failing to state in their place that they could not go safely to trial without the presence of the absent party, his absence as a *party* did not constitute a sufficient cause for continuance. Civil Code of 1910, § 5717.

(*b*) It did not appear from the affidavit of the absent witness or otherwise that he was physically unable to attend the court and testify that

a fee of $500 would be reasonable for the services rendered by his firm, —the only evidence which he apparently could furnish. He was not subpœnaed in behalf of his co-defendant, and voluntarily absented himself with full knowledge of the value which might attach to his testimony in his own behalf and in behalf of his codefendant. Clearly the court was not required to continue the case on account of his absence as a *witness,* under these circumstances.

(c) So far as the motion for a continuance was predicated upon the ground that the firm of lawyers of which the absent party was the senior member were of counsel for themselves, and that he was physically unable, on account of illness, to endure the strain of a trial by participating therein, it likewise does not appear that the discretion of the judge was abused in refusing a continuance. It was disclosed by the showing for a continuance that the absent attorney had been in bad health for some months prior to the date of the trial, and the physician attending him during that period testified that his condition on the morning of the trial was about the same as for some time previous, and said, "I think he might assist in the court-room, but I do not think he is able to stand the strain of a trial and participate in the same." It further appeared that he had been in attendance on the court on the two days immediately preceding the call of his case for trial, during all of which time the presiding judge had an opportunity to observe and consider his physical condition (see, in this connection, *Rowland* v. *State,* 125 *Ga.* 792 (54 S. E. 694); *Rawlins* v. *State,* 124 *Ga.* 31 (18), (52 S. E. 1)); and that the junior member of the firm was present in court when the case was called for trial, and was or should have been prepared to conduct the same (see in this connection, *Cooper* v. *Jones,* 24 *Ga.* 473 (4)), as the matter out of which the pending case arose had been especially, if not altogether, under his care and management.

2. There is no substantial merit in any of the remaining special grounds of the motion for a trial, and there was evidence to support the verdict.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED JANUARY 21, 1918.

Money rule; from Hart superior court—Judge Worley. December 28, 1916.

*A. G. & Julian McCurry, W. L. Hodges, A. S. Skelton,* for plaintiffs in error.

*Green, Tilson & McKinney, J. H. & Parke Skelton,* contra.