10958. MAGNUSON *v.* CITY OF BAINBRIDGE.

</div>

No cause of action against the city was shown by the allegations upon which it was sought to recover for alleged negligence of the city's employee in changing transformers by which the city furnished electricity to a motor that the plaintiff was connecting with an elevator in a building when injured. The court did not err in sustaining the general demurrer to the petition.
<div align="center">

DECIDED MARCH 2, 1920.

</div>

Action for damages; from city court of Bainbridge—Judge Spooner. September 18, 1919.

*A. E. Thornton,* for plaintiff.  *Hartsfield & Conger,* for defendant.

LUKE, J.  Magnuson brought suit against the City of Bainbridge, alleging, substantially, that on September 17, 1917, he was engaged in working upon the top of a certain elevator in the Bainbridge Hospital at the instance of the Bainbridge Hospital; that the elevator was operated by electricity with an electric motor inside of said building, and received the current of electricity through and by a transformer placed on a pole outside the building; that the electricity and the transformer were owned by the City of Bainbridge, and the city furnished the electricity over its wires and through said transformer for pay; that he was working for the Otis Elevator Company, and for them was engaged in installing said elevator, and connecting the same for operation with the motor of said building for the owners thereof, and while so engaged he had previous to said date connected said motor with the current of electricity from the transformer that was installed by said city, and had been running said elevator so connected; that on said day it was necessary for petitioner to be on top of said elevator to complete the work of installing the same, by placing switches in the wire and pipe; that the City of Bainbridge on said date, by its agent and representative, Gibson, as employee of the city, made a change in said transformer on said pole on said street, and, while petitioner was engaged on the top of said elevator as aforesaid, notified him that said transformer was all right; that while the first transformer was in position and being used, said motor was connected with the same, and, by throwing on the switch or connection from said motor and said transformer, the motor would turn and move the elevator up or down as desired by the operator; that the said city, by its agents, employees, and representatives, without the knowledge of petitioner, carelessly and negligently changed said transformer reverse from the first transformer, causing the operation of the motor inside of said building to run reverse or opposite the direction it ran when connected with the first, and said agent or employee of said defendant changed the wires upon said transformer, or changed the wires leading from said transformer to the motor in said building; that the said change caused

the phases of electricity in said wires to be changed, and the said changes of the phases of electricity reversed the rotation of the current, thereby causing the motor to run in an opposite direction; that "by so carelessly and negligently placing said transformer reverse from the first transformer caused the operation of the motor inside of said building to run reverse or opposite from the direction it ran when connected with the first transformer;" that while so engaged upon the top of said elevator it became necessary for him to put on the switch that connected said elevator with said motor, for the purpose of going down or lowering said elevator, without knowing said City of Bainbridge had changed or reversed said transformer, and when he put on the switch of connection the elevator, instead of going down or lowering, went up in the opposite direction; that when said elevator went up he was caught between the cross-head of said elevator and the heavy overhead steel beams, mashing him and causing injuries for which he sues; that he made claim upon the City of Bainbridge as required by law, and the city refused to pay for his injuries; that the city was negligent and careless in changing the transformers that furnished the current of electricity to the motor inside of said building, and in connecting the wire in the said transformer the same way that the wires were connected to the first or smaller transformer; that said city was negligent and careless in reversing the larger transformer opposite from the first or smaller transformer, thereby changing the electric phases that operated the motor inside the said building; that said city was negligent and careless in that said city's agents and employees and representatives did not warn or notify petitioner that the transformer as changed had been reversed and had not been placed as on the first or smaller transformer, and that the electric phases had been changed, etc. To this petition the City of Bainbridge demurred, and its demurrer was sustained, upon the ground that the petition set forth no cause of action. Error is assigned upon the judgment sustaining the demurrer.

The petition in this case, construed as it must be, shows that the City of Bainbridge furnished electricity to the Bainbridge Hospital, and furnished such electricity in the usual and ordinary way; that the city was employed only to deliver the current to the building; that the connections inside the building were made by the plaintiff; that the transformer on the outside was changed

51

and the plaintiff was notified of the change; that the plaintiff, after being notified of the change from a smaller to a larger transformer, did nothing to discover what would be the effect upon his motor in the elevator, the wires to which he had made the connection; that the city had no notice of how he had connected the wires to the motor; that the city did not know which way a turn of the switch on the motor in the building would move the motor,— whether up or down; that the movement of the elevator was a matter exclusively within the knowledge of the plaintiff; and that the use of the electricity passing through the transformer in the operation of the elevator was optional with the plaintiff. In fact one of the allegations of negligence shows that the larger transformer, of the installation of which the plaintiff had notice, was connected exactly and in the same manner as the smaller transformer.

What was the proximate cause of this injury? Does the petition show that the plaintiff was lacking in ordinary care? Doesn't the petition show that the plaintiff was notified of the change of transformers on the outside of the building? What did the plaintiff do after having notice that the transformer was changed? Did he do anything to see if his motor was running backward or forward, which motion it got by reason of his connection, before placing himself in a perilous position? We are of the opinion that the injury to this plaintiff was not caused by the negligence of the City of Bainbridge in furnishing electricity to the building in which he was working. See Civil Code (1910), § 4426; 9 R. C. L. 1204. Notice to the plaintiff of the change of transformers was such diligence as was necessary to put him on notice, that he might observe for himself the effect of the electricity on his motor operating the elevator; especially is this true when it is not shown that the city even knew that the motor had yet been connected with the electric wire, and if it had been, how it was connected or in what way it operated the motor, or in what way the plaintiff wished it to operate the motor, whether a turn of the switch on the motor to the right would cause to motor to revolve right or left. See *Denson* v. *Ga. Ry. & Electric Co.,* 135 *Ga.* 133 (68 S. E. 1113).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*