This was an action brought by the railroad companies named against Crafts, the contractor, and the bonding company to recover the amount which the plaintiffs claimed that they had to pay for the construction of a bridge at Wilmington over and above the cost for which Crafts had agreed to construct it in his contract.
None of the counts or amounts of claims were in dispute, but the questions involved are matters of law whether the bonding company is responsible for the items claimed by the railroad companies. The case was referred to a referee who stated the account, finding the facts and *Page 562 
conclusion of law. No exceptions were filed to the findings of fact by either party, but the railroad companies and the bonding company filed exceptions to certain of the referee's conclusions of law.
Before the bridge was completed the contractor defaulted in his contract and the railroad companies had to take over the work and complete it for their own account. Upon the findings of fact, which are not excepted to, the railroad companies were to pay under the terms of the contract a total of $23,355.51, and at the time of the default the contractor had been paid $17,551.65, leaving a balance due the contractor, if he had completed the job, of $5,803.86.
The actual cost to the railroad companies to complete the construction of the bridge was $4,396.49, but the railroad companies paid other bills of the Crafts, which the defendants contend constituted new liens or encumbrances to the amount of $3,887.29, making a total paid by the railroad companies, after Crafts had defaulted, of $8,283.78, and the railroad companies sued the bonding company for this difference of $2,479.92.
After this suit had begun, a judgment was obtained by Robert Gadsden against the railroad companies for personal injuries while at work as a laborer under Crafts, and the plaintiffs amended the complaint, after paying the judgment, asking to recover of the defendant bonding company the amount recovered by Gadsen of $1,515.93.
The defendant bonding company contends that it cannot be charged with the payment of the bills due by Crafts which were no liens or encumbrances against the property, and that the railroad companies should have paid to the creditors of Crafts, after due notice, only their respective pro rata part of the funds in this case, and that their bond did not obligate the bonding company to pay the Gadsen judgment for personal injuries.
The Court held with the defendant upon both these propositions, and the plaintiffs appealed.
There is no exception to the findings of fact. Crafts abandoned his contract on 12 December, 1914, giving notice to the surety company to that effect, and at that time there was due to Crafts $4,348.96, but on 16 July, five months before the abandonment of the contract, creditors for material, etc., had given notice of claims to the amount of $3,887.39. No liens had been filed but notice of the claim in every time instance was given to the plaintiff railroad companies, and these claims were paid from time to time in full after the abandonment of the work. The bond given by the defendants provides that the *Page 563 
railroad companies "may at any time . . . pay any moneys directly to the employees and other having claims and demands against the party of the first part for work done and material furnished for the purpose of this contract." This provision was to protect laborers and material men so they could get their money whether there is enough left to complete the contract or not, and this contract is an exact duplicate of the similar provision in the Government contracts. National Surety Co., 92 Fed., 549, and 100 Fed., 699.
The language of the section is that the companies may at any time pay any moneys for labor and material directly to the claimant, and if there is not money enough left to complete the contract, the contractor or his surety must spend enough to complete it. This is a just and reasonable construction of the terms of the contract, and the lien law of the State does not forbid this construction of the contract between the railroads and the contractor and his surety.
The court below erred in holding that "the bond of the Massachusetts Bonding Company does not embrace liability to an employee for personal injuries sustained while working under the contract by reason of the negligence of Crafts." The court also erred in setting aside the conclusion of law of the referee that "said bond does cover matters affecting the proper and faithful execution of the work thereunder by Crafts and loss, through inferior work therein or thereunder by said contractor, resulting to said railroad corporations and culminating in a judgment lien being placed on such work or property, which plaintiffs allege as the cause of action in their amended complaint."
The surety bond covers the liability of the plaintiff company for a judgment obtained by Gadsden, an employee of Crafts, for personal injuries sustained by him from defective workmanship in erecting the bridge. The findings of fact show that the accident was due to defective and inferior work on the part of Crafts in that he erected a scaffold with a board having a know in it which could not sustain the weight of Gadsden and his load, and the breaking of which caused his injury, for which judgment was obtained against Crafts therefor.
The bond was given to secure the performance by the contractor "of the covenants of the contractor, and to indemnify and save harmless the Seaboard Air Line and the Atlantic Coast Line Railroad companies against any and all labor and material or other liens placed upon said work by reason of any act, default or omission of the contractor . . . or otherwise on account of the contractor . . . and further indemnify and save harmless the companies, as their respective interests may appear, in all other respects in said agreement provided for."
The contractor agreed "to use and provide all proper, necessary and sufficient precautions, safeguards and protection against the occurrence *Page 564 
of any accidents, injuries, damages, or hurts or delays to any person or property during the progress of the construction of the work, and . . . to indemnify and save harmless the companies from and against the payment of any sums of money by reason of all or any such accidents, injuries, damages or hurts or delays that may happen or occur upon or about said works." The judgment by Gadsden was obtained for damages sustained by reason of defective workmanship in placing an inferior plank for the workmen to walk on with heavy loaded barrels of concrete in the prosecution of the work.
The court below also erred in holding that "the railroad companies had no right to apply or pay the sum of $1,407.37 or any part thereof where no lien had been filed." The railroad company had paid out, according to the findings, $2,941.59 to complete the contract besides the $3,887.29 which they had already paid besides the $1,515.93, making the total of $8,344.81, deducting from which the amount due the contractor at the time of the default of $5,803.86, leaving a balance of $2,540.95 (which includes the Gadsden judgment of $1,515.93 obtained against the plaintiffs, which they were forced to pay), and the court should have directed entry of judgment for that amount.
The defendants contended that in the case of Gadsden v. Crafts,171 N.C. 288, this Court said: "It will be seen that the contract of the bonding company could not be construed as embracing liability for personal injuries sustained by an employee by reason of the negligence of the said contractor. Such liability is not nominated in the bond and does not come within the scope of the obligation of the bonding company which covers matters affecting only the proper and faithful execution of the work and against liens, and does not embrace liability for torts." In that case the entire bond was not set out and the court did not pass any judgment which would be an estoppel in this case in an action by the railroad companies and the bonding company in a matter where the bond is now set out in full and it appears unequivocally the bonding company has contracted, as above stated, for liability "against the occurrence of any accidents, injuries, damages or hurts or delays to any person or property during the progress of the construction of the work and . . . to indemnify and save harmless the company from and against the payment of any sums of money by reason of all or any such accidents, injuries, damages or hurts or delays that may happen or occur upon or about said work."
In this action by the plaintiffs against the bonding company the bond is set forth and does fully cover the amount ascertained and adjudged against Crafts in the case of Gadsden v. Crafts, in which the liability *Page 565 
of said bonding company was not presented nor the bond filed in full, and therefore the judgment in that case is not an estoppel against the plaintiffs in this action.
Judgment will be entered below in favor of the plaintiffs as above indicated.
Reversed.
STACY, J., took no part in the consideration or decision of this case.