## 19867. MILAM *v.* MANDEVILLE MILLS.

Decided February 1, 1930.

64

*Smith & Millican, A. B. Taylor, Willis Smith,* for plaintiff.

*Boykin & Boykin, R. D. Jackson, Samuel J. Boykin,* for defendant.

JENKINS, P. J. (After stating the foregoing facts.) ■ Under the facts narrated above, the verdict in favor of the defendant was authorized, and it can not be set aside on the general grounds.

■ The first ground of special exception complains, with reference to the charge of the court, that admissions in the pleadings "may be taken as proof," whereas, as the plaintiff contends, the rule is that a party is absolutely bound by unstricken admissions of fact thus made, and consequently it was not a question for the jury to determine, by any method or by any sort of proof, whether or not the defendant company had taken over the distribution of the electric current and the installation and operation of the equipment and appliances therefor. The second ground, very similar in its nature, excepts to the statement of the court that if the jury found, from the admissions of the defendant company, that it had installed and was operating the system of electrical equipment for supplying current taken over by it for distribution from the generating company, it would be "subject to the laws and rules

governing electric companies." While the contention of the plaintiff that unstricken admissions in pleadings are absolutely binding is correct, and the statement of the court may not, therefore, have been strictly exact, still, since no sort of dispute was made with reference to the responsibility of the defendant for the installation and maintenance of the electrical distributing system, this being admitted by the defendant both by its pleadings and by its own testimony, and since the whole burden of the case was whether the defendant was negligent in the performance of the duty which it admittedly had assumed, and, if so, whether the death of the decedent resulted from such negligence, no harm or injury could possibly have resulted to the plaintiff from any slightly inapt statement in the charge complained of.

■ In the third, fourth, and eighth exceptions, complaint is made that the charge of the court did not give the plaintiff the benefit of what is known as the doctrine res ipsa loquitur; it being contended that the court should, of its own motion, have charged the jury that upon the admission by the defendant that it was furnishing and controlled the electric current, and supplied and maintained the equipment and appliances therefor, and upon proof being submitted that the decedent was killed by electricity coming over the wires, and that such event was an unusual occurrence, "the jury would be authorized to infer negligence on the part of the defendant." It was contended in another exception that the charge of the court that "if you should find from the evidence that the death of the deceased was caused by an unusual and improbable occurrence and one that could not have been reasonably anticipated and one that an ordinarily careful person would not have anticipated or guarded against," the plaintiff could not recover, actually precluded the jury from applying the doctrine res ipsa loquitur in the case at bar. In another exception it is contended that the plaintiff was deprived of the application in his favor of the doctrine res ipsa loquitur by the charge of the court on the preponderance of evidence,—that "moral and reasonable certainty is all that can be expected in a legal investigation. In all civil cases a preponderance of the evidence is considered sufficient to produce mental conviction. When in the opinion of the jury the evidence is equally balanced on one side, where the jury believes the witnesses on each side equally credible, where

the jury believes the evidence is as strong on the one side as on the other, then a preponderance of the evidence would not be carried, and in such case it would be the duty of the jury to return a verdict for the defendant." The issues in the instant case were whether the defendant was or was not negligent in the installation and maintenance of the electric-light system in the house occupied by the decedent, and, if so, whether any such negligence on the part of the defendant did or did not proximately cause the death of the decedent. The charge of the court fully, fairly, and correctly instructed the jury with reference to these issues, and, in the absence of an appropriate request, it was not error for the judge to omit specific reference to the particular points or phases of the evidence confirmatory of the contentions of either of the parties. *Bishop* v. *Georgia National Bank,* 13 *Ga. App.* 38 (4) (78 S. E. 947). Accordingly, the court did not err in failing to charge in the language embraced in the exception, which it is contended should have been charged by the court upon its own motion, without any request to do so. The excerpts from the charge actually given on the preponderance of the evidence, and on the question of the diligence required of the defendant, which are complained of, embody correct principles of law, and can not be taken to exclude the right of the jury to pass upon the plaintiff's contention of negligence, and upon whether such negligence, if it did exist, constituted the proximate cause of the injury.

■ The court charged the jury as follows: "Where an electric-light company maintains overhead wires from its plant—or its main transformer in this case—to a residence of one of its patrons, for the purpose of supplying light to the house, the company is under duty to employ such approved apparatus in general use as will be reasonably necessary to prevent injury to the house or persons or property therein, arising from electricity which may be generated by a thunderstorm and strike the wires and be conducted thereby into the residence. An electric company having reasonable grounds to apprehend that lightning will be conducted over its wires into a house where it maintains an instrument under contract with a subscriber, and there do injury to persons or property, must exercise due care in selecting, placing, and maintaining, in connection with its wires and instruments, such known and approved appliances as are reasonably necessary to guard against such ac-

cidents." Subsequently the court charged the jury additionally as follows: "The defendant was not required to use the kind of material or the plan or kind of appliances and equipment which was the best that could be obtained. All that is required of it in that regard is that such appliances and equipment should be of a kind in general use and reasonably suited for the purposes to which it was put, and if the company did this it discharged its duty in this respect." The plaintiff excepts to the latter charge upon the following grounds: "Movant insists that the above excerpt of charge was error, harmful, and prejudicial, and had no application to the case at bar, for the reason that the law of master and servant did not apply in the case and the above excerpt only applied between master and servant, as to the duty of the master in furnishing machinery for his servant. Said charge was further error for the reason that it was confusing, a misstatement of the law in the case and does not apply in said case, and the same is assigned as error by movant."

It would seem that the only valid assignment of error with reference to the excerpt last quoted above is that the rule of law was inapplicable and confusing, under the pleadings and the evidence in the instant case, and, therefore, harmful. Nothing is shown to indicate wherein the charge is erroneous otherwise than being merely inapplicable, and, in that sense, a misstatement of the law of the instant case. No exception is taken to the charge as being in and of itself inherently erroneous, *nor is it set forth by the assignment of error how or wherein it was inherently erroneous.* Assuming, as stated in the brief of counsel for plaintiff, that the charge "had no application whatsoever to the allegations and proof in the case at bar," it would be hard to see how it could have been harmful to the interests of the plaintiff, and we do not think the verdict should be set aside merely because such an inappropriate charge was given. In our opinion, however, the charge was not inappropriate, and since the assignment of error does not point out inherent error in the charge, or how or wherein it was erroneous if appropriate to the pleadings and the evidence, it does not seem that this court would be called upon to deal with the question of whether or not it was in fact inherently erroneous. Moreover, had the exception raised the question of whether the charge was not merely inapplicable, but inherently erroneous, we are of the opinion

that even on this theory it would not constitute reversible error, although on that proposition we would not be. entirely free from doubt or difficulty. The excerpt from the charge first quoted in this division of the opinion correctly states the rule of law governing what constitutes ordinary care chargeable against the defendant and in favor of the decedent, as laid down by the Supreme Court in *Columbus Railroad Co.* v. *Kitchens,* 142 *Ga.* 677 (83 S. E. 529, L. R. A. 1915C, 570). However, in a previous decision of that court (*Denson* v. *Georgia Ry. &c. Co.,* 135 *Ga.* 132, 68 S. E. 1113), it was held that a charge that "the defendant is not required to put in .every latest device; it is only required to use the kind of machinery in general use and that is reasonably suited for the purpose for which it was intended," was erroneous, for the reason that "it was a question for the jury to determine as to whether or not the defendant, relatively to an employee of one of its patrons to whom it was supplying electricity, had exercised ordinary care if it did not use the 'latest devices,' and only used 'the kind of machinery in general use and that is reasonably suited for the purpose for which it was intended.'" We do not think the ruling just stated in any wise conflicts with the subsequent ruling in the *Kitchens* case, or that the portion of the charge excepted to in the instant case contravenes the rule laid down in the *Denson* case. What the court said in the *Denson* case was that it was error to charge, that the defendant did not need to use the "latest devices" in order to exercise ordinary care, whereas in the instant case the effect of the charge that the defendant was not required to "use the kind of material or the plan or kind of appliances and equipment which was the best that could be obtained," was merely to show that it was ordinary diligence and not extraordinary diligence that was required. In the *Denson* case ordinary diligence might possibly require that the "latest devices" be used, whereas in the instant case extraordinary diligence in using the best appliances that could be obtained would not be necessary, provided the sort actually used were such as were "in general use and reasonably suited for the purposes to which they were put," this being, as we understand it, in accordance with the ruling in the *Kitchens* case. To charge in the concrete that the "latest devices" were not necessary in order to exercise ordinary care is a different proposition altogether from charging in the abstract that ordinary and not

extraordinary diligence is what the law requires, and that, consequently, not the best equipment obtainable, but that which is in general use and reasonably suited for the purposes intended, must be used.

■ Exception is taken to the following charge: "By the act of God is meant any accident produced by physical causes which are irresistible, such as lightning, storms, perils of the sea, earthquakes, inundations, sudden death or illness. The act of God excludes all ideas of human agencies, no matter what degree of prudence may be exercised, it could not be prevented." The plaintiff contends that the charge amounted to an instruction that the plaintiff could not recover if the death of the decedent was caused by lightning coming over defectively installed wires. The exception is not well taken. The defense was based upon the contention that the casualty was brought about by an act of God, unmixed with negligence on the part of the defendant, and the charge excepted to specifically states that "an act of God excludes all ideas of human agencies, no matter what degree of prudence may be exercised, it could not be prevented."

■ Finally, exception is taken to the charge of the court to the effect that the defendant would be liable on account of any latent defects which by the exercise of ordinary care could have been discovered and remedied; the contention being that the evidence did not present any question involving latent defects. The charge given presented a correct abstract principle of law, and while it is the rule that an erroneous charge is presumed to be harmful, in order for a correct, though inapplicable, charge to constitute reversible error, it must appear that it could have been harmful to the interests of the complaining party. While the evidence might not have presented any question relative to the existence of latent defects, the charge relative to the duty resting upon the defendant to remedy the same if such should exist could not, upon any reasonable theory, be taken as injurious to the plaintiff in this case.

*Judgment affirmed. Bell, J., concurs. Stephens, J., dissents.*

STEPHENS, J., dissenting. I concur in all except what is stated in paragraph 4 of the opinion. I think that, under the authority of the decision in *Denson* v. *Ga. Railway & Electric Co.*, 135 *Ga.* 132 (68 S. E. 1113), the charge excepted to was error prejudicial to the plaintiff, and that the judgment should be reversed.