## 40038. ROLAN v. RITTENHOUSE.

JORDAN, Judge. This was a suit to recover the sum of $726.50 allegedly due the plaintiff under an oral agreement entered into by the plaintiff and the defendant for the purpose of dissolving a partnership between the parties. The jury returned a verdict for the defendant and the exception is to the denial of the plaintiff's amended motion for new trial. *Held:*

1. The first special ground of the amended motion for new trial which assigns error on the admission of certain testimony elicited from the plaintiff on cross-examination does not require consideration since the record in this case discloses that substantially the same evidence as that objected to in this ground was subsequently admitted into evidence without objection. *Hart v. State*, 53 Ga. App. 365, 366 (186 SE 152).

2. Special ground 2 assigns error on the following excerpt from the charge of the court, "I charge you that the burden is on

the plaintiff to establish the proof of this case by a preponderance of the testimony," it being contended that said charge was confusing and misleading to the jury since the court instructed them that the plaintiff must carry the burden of proof by the preponderance of testimony rather than by the preponderance of evidence. While the use of the word "testimony" in the excerpt complained of instead of the word "evidence" was inapt, this ground affords no cause for reversal of this case since it cannot be said from an examination of the record in this case and the charge in its entirety that such inaccuracy was harmful to the plaintiff. *Cooper v. State,* 70 Ga. App. 691 (3) (29 SE2d 430); *Hendrix v. Bank of Portal,* 169 Ga. 264 (6) (149 SE 879).

3. "An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial." *Turner v. Elliott,* 127 Ga. 338 (3) (56 SE 434); *Milam v. Mandeville Mills,* 41 Ga. App. 62 (6) (151 SE 672). The general principles of partnership law embodied in the excerpt of the charge complained of in special ground 3 were correct in the abstract, and while the same were not essential to the determination of the narrow issue presented by the pleadings in this case, that is, whether or not the defendant had agreed to pay the plaintiff $726.50 as a part of the dissolution agreement entered into by the parties, it does not appear that said charge could have been harmful to the plaintiff; and this ground is without merit.

4. The general grounds of the motion for new trial have been abandoned.

*Judgment affirmed. Nichols, P. J., and Frankum, J., concur.*

DECIDED MAY 13, 1963.

*Fullbright & Duffey, Harl C. Duffey, Jr.,* for plaintiff in error. *E. J. Clower,* contra.