### 40865. GARDNER et al. v. SIKES.

JORDAN, Judge. Herschel Sikes filed suit against H. M. Gardner, his wife, Mrs. Grace Gardner, and their son, H. M. Gardner, III, to recover a judgment for damages sustained by him in a collision between his vehicle and that being operated by H. M. Gardner, III, liability against Mr. and Mrs. Gardner being predicated upon the "family-purpose doctrine." By amendment H. M. Gardner, III, was stricken as a party defendant. A verdict was returned in favor of the plaintiff and the exception is to the denial of the defendants' motion for new trial as amended. *Held:*

1. The uncontradicted evidence in this case discloses that the automobile in question was not provided for the comfort, pleasure and convenience of the family by Mr. Gardner, but that the same had been purchased by Mrs. Gardner, out of her own funds, primarily for the use of their son, and that Mr. Gardner, who used the automobile on occasion with the permission of his wife, had no authority or control over its use within the purview of the "family-purpose doctrine." *Griffin v. Russell,* 144 Ga. 275 (87 SE 10, LRA 1916F 216, AC 1917D 994).

As stated in *Ficklen v. Heichelheim,* 49 Ga. App. 777 (2) (176 SE 540): "A married woman owning an automobile as her separate property, which she allows members of the family to use for family purposes, may be liable for the negligent driving of such automobile by her minor son, under the 'family-purpose doctrine,' even though she is not the head of the family, but her husband is living with her and also owns an automobile which is used for family pleasure and comfort."

The undisputed evidence here shows that any possible liability for the negligent operation of this automobile by the son arising out of the "family-purpose doctrine" would be in the mother and not in Mr. Gardner; and this is true notwithstand-

ing the fact that Mr. Gardner may have given his son general cautionary instructions regarding the safe operation of the automobile, and may have occasionally purchased gasoline and oil for the vehicle. *Baker v. Shockley,* 93 Ga. App. 595 (1) (92 SE2d 314).

The evidence thus demanded a verdict for Mr. Gardner and it was error to deny the motion for new trial on the general grounds. The contention that the evidence demanded a finding that the defendants' son was not negligent in the operation of the automobile is without merit.

2. In view of the above ruling it is unnecessary to consider ground 1 of the amended motion for new trial which assigned error on the refusal of the trial court to give a requested charge pertaining to the liability of Mr. Gardner under the "family-purpose doctrine," and ground 9 which assigned error on the charge of the court relating to this doctrine as it affected Mr. Gardner.

3. Since the evidence in this case shows that the collision did not occur at an intersection controlled by a stop sign, the trial court on the subsequent trial of this case, should not give in charge to the jury the provisions of *Code Ann.* § 68-1652 (b), which are not applicable to this case, as asserted in special ground 7.

4. The remaining special grounds are without merit.

*Judgment reversed. Bell, P. J., and Eberhardt, J., concur.*

DECIDED NOVEMBER 18, 1964.

*Sharpe, Sharpe & Hartley, T. Malone Sharpe,* for plaintiffs in error.

*Allen & Edenfield, B. Avant Edenfield,* contra.