63748. ANDERSON v. COPELAND et al.

CARLEY, Judge.

Pursuant to a contract for the sale of a restaurant, appellant-defendant executed and delivered to appellee-plaintiffs a promissory note in the original principal amount of $15,000. The promissory note provided for the repayment of the indebtedness evidenced thereby in consecutive monthly installments of $500.00. After making the initial installment payment, appellant defaulted. Appellees instituted the instant action to recover the entire principal balance under the note plus interest and attorney's fees. Appellant filed an answer denying the material allegations of the complaint and asserting the defenses of failure of consideration and fraud in the inducement of the contract. The matter proceeded to trial and the jury awarded $7,750.00 to appellees. Appellant appeals from the judgment entered on the jury verdict.

The only errors urged on appeal relate to three excerpts from the trial court's instructions to the jury. Appellant does not contend that the charges in issue are incorrect as abstract statements of law. Rather, the charges are objected to on the grounds of inapplicability and incompleteness. Also, appellant contends that when considered together, the charges in issue "completely undercut" the defense of fraud in the inducement.

" 'An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial.' [Cits.]" *Rolan v. Rittenhouse,* 107 Ga. App. 769 (3) (131 SE2d 112) (1963). "An irrelevant or inapplicable charge is not ground for reversal unless it is likely to have misled the jury or to have affected the verdict. [Cits.]" *Service Wholesale Co. v. Reese,* 91 Ga. App. 366, 368 (3) (85 SE2d 625) (1955). See *Bailey v. Todd,* 126 Ga. App. 731 (9) (191 SE2d 547) (1972). "[T]he rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety. [Cit.] If the charge as a whole is not misleading, there is no error. [Cits.]" *State Highway Dept. v. Davis,* 129 Ga. App. 142, 144 (199 SE2d 275) (1973).

We have reviewed the charges complained of thoroughly and, applying the principles set forth above to the facts in the instant case, we find no reversible error. The criticism of incompleteness is simply

not supported by the record. In view of the entire charge, the challenged portions of the instructions were not of such character as to require the grant of a new trial.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED JUNE 17, 1982.

*Mike Treadaway, Al Johnson,* for appellant.
*Robert E. Bach,* for appellees.