66891. ALLEN et al. v. BROOKSHIRE.

BANKE, Judge.

The appellee, Eston Brookshire, sued Tina Marie Allen and her parents, Theodore Allen and Alvia Marie Allen, to recover for damages sustained in a motor vehicle collision. Tina Marie Allen was alleged to have been negligent in her operation of one of the three vehicles involved in the collision, while her parents were alleged to be liable under the family purpose doctrine for providing her with the vehicle. The Allens appeal a judgment entered on a jury verdict for the appellee. *Held:*

1. The trial court did not err in refusing to grant the appellants a continuance pursuant to OCGA § 9-10-154 (former Code Ann. § 81-1412), based on Theodore Allen's alleged inability to appear in court due to physical infirmities. In the first place, counsel failed to state in his place, as required by the code section, that he could not go safely to trial without the presence of the absent defendant. See *McCurry v. Cunningham,* 21 Ga. App. 546 (1) (a) (94 SE 914) (1917). Also, it did not appear that Mr. Allen's condition was expected to improve so as to enable him to be present at a future trial of the case. See generally *Sirmans v. Jones,* 142 Ga. App. 144 (1) (235 SE2d 543) (1977).

2. While the evidence was sufficient to hold Mrs. Allen liable for Tina's negligence under the family purpose doctrine, it was not sufficient to hold Mr. Allen liable. " 'In order to qualify as a provider under the family purpose doctrine one must be the principal mover, one who intends to provide for another or others the particular thing, the automobile, and takes steps on his own responsibility to see the consummation of the transaction, and contributes substantially of his own means toward that end without expectation of reim- bursement or compensation.' " *Finnocchio v. Lunsford,* 129 Ga. App. 694, 695 (201 SE2d 1) (1973).

It is undisputed that Mrs. Allen purchased the vehicle which Tina was driving with her own funds, held legal title to it, and supplied all the money for its maintenance and upkeep. Although there was evidence that Mr. Allen participated in the decision to furnish the vehicle to Tina, this was insufficient to support a verdict against him in the absence of evidence that he made any substantial contribution towards the purchase or maintenance of the vehicle. Accord *Gardner v. Sikes,* 110 Ga. App. 650 (139 SE2d 401) (1964), wherein evidence that the father gave his son general cautionary instructions regarding the use of the vehicle and occasionally purchased gasoline and oil for it was held insufficient to qualify him as a provider of the vehicle.

3. In addition to the appellants, there was another co-defendant in the case, a Mr. Brown, who had been driving one of the other two vehicles involved in the collision. The appellants contend that the trial court erred in allowing the state patrol officer who had investigated the accident scene to testify that Mr. Brown met with him on the day following the collision to take issue with some of the conclusions set forth in the officer's accident report. The officer testified that he revisited the scene in response to Mr. Brown's objections and observed for the first time certain faint "side-scuff marks" which appeared to have been left on the road by the Allen vehicle. He stated that as a result of this observation, he concluded that Ms. Allen had not been in control of her vehicle immediately prior to the collision.

There was no objection to the officer's testimony regarding either his re-investigation of the accident scene or the conclusions which he drew therefrom. The only objection was to his testimony regarding his conversation with Mr. Brown. We hold that this testimony was admissible pursuant to OCGA § 24-3-2 (Code Ann. § 38-302) to explain the officer's conduct in returning to the accident scene. We note that the officer did not give a detailed account of Brown's version of the accident and that Brown was himself a witness at the trial and was available for cross-examination. The cases cited by the appellants in support of this enumeration of error are inapposite, as the opinion evidence at issue therein was, in each instance, derived from hearsay. The court and the jury in this case were authorized to find that the officer based his conclusions regarding the accident upon his own observations rather than upon hearsay.

4. For the above stated reasons, the judgment of the trial court is reversed with respect to Theodore Allen and affirmed with respect to Tina Marie Allen and Alvia Marie Allen.

*Judgment affirmed in part and reversed in part. Deen, P. J., and Carley, J., concur.*

DECIDED JANUARY 3, 1984.

*Jack M. Carey, Robert B. Thompson,* for appellants.
*Alfred L. Allgood, Douglas E. Smith,* for appellee.