## 70910. WASSON v. COX.
(337 SE2d 445)

BENHAM, Judge.

Appellant, the defendant in a civil assault and battery case,

sought a continuance of the jury trial on the morning trial was to begin. The trial court denied the motion and held the trial, and the jury returned a verdict in appellee's favor. Appellant's sole enumeration of error is the denial of his motion for continuance. We affirm.

A resident of Tampa, Florida, appellant sought the continuance because he was ill and unable to travel to Augusta, Georgia, where the trial was to take place. According to a letter from his doctor introduced by appellant's counsel at the hearing, appellant was being treated for a severe sinus infection which caused dizziness, and the medication he was taking caused drowsiness. The letter did not state when appellant would be able to travel. Appellee's counsel opposed the motion, stating that his client had traveled by public transportation from Las Vegas, Nevada, for the trial and that he had taken appellant's deposition and would cooperate with appellant's counsel in reading it into evidence.

The cases from the first quarter of this century cited by appellant require counsel for the party moving for continuance to state in his place that he cannot safely go to trial without the presence of his client. That requirement still stands today. OCGA § 9-10-154. Our review of the record reveals that appellant's counsel failed to make the required statement, and that he also failed to show that appellant's condition "was expected to improve so as to enable him to be present at a future trial of the case. [Cit.]" *Allen v. Brookshire*, 169 Ga. App. 391 (1) (312 SEd 862) (1984). Under those circumstances the trial court did not abuse its discretion by denying the motion for continuance.

*Judgment affirmed. Banke, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 1, 1985.

*Victor C. Hawk, Jacque D. Hawk*, for appellant.
*J. Richard Dunstan*, for appellee.