## A89A0119. WORN v. WARREN.
(382 SE2d 112)

McMURRAY, Presiding Judge.

This is an action for damages for false arrest and malicious prosecution resulting in a jury verdict and judgment in favor of plaintiff Warren and against defendant Worn for $19,800. Following the denial of her motion for new trial, defendant appeals. *Held:*

1. Outside the presence of the jury, plaintiff proffered certain evidence to show the defendant's propensity toward malice. Apparently, the proffer was, at least in part, in response to a motion in limine by defendant. The evidence consisted of 11 exhibits, each of which documented the course of criminal cases arising from previous warrants taken out by defendant over a period of years. All of these cases had been terminated by dismissal, nolle prosequi, or no bill. Defendant argued against the 11 exhibits on the grounds that they would raise numerous collateral issues, that the events involved were not similar to the case sub judice, and that the previous events were not closely related in time. The trial court ruled that the proffered evidence would be allowed and denied defendant's "motion in limine to strike such."

Thereafter, plaintiff elicited testimony from defendant acknowledging the previous warrants and the disposition of the cases. Defendant presented evidence that many of the warrants had been taken out pursuant to the advice of defendant's attorney.

Subsequently, plaintiff elicited further testimony identifying the exhibits and tendered the exhibits into evidence. Defendant reasserted her earlier objection to the exhibits and the trial court did not admit the exhibits into evidence stating: "In an abundance of caution I'm not going to allow you to introduce them in evidence. There's been testimony elicited from them, the Jury's heard it, and I'm not going to let it go out to the Jury. I'm not going to admit them into evidence."

Defendant now enumerates as error the admission of the evidence concerning the exhibits. "Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise. See *Ludwig v. J. J. Newberry Co.*, 78 Ga. App. 871 (2), 876 (52 SE2d 485); *Security Life Ins. Co. v. Newsome*, 122 Ga. App. 137, 138 (2) (176 SE2d 463); *Terry v. Fickett*, 199 Ga. 30, 31 (8), 38 (33 SE2d 163)." *Charles Parrott & Assoc. v. Hunt*, 167 Ga. App. 106, 109 (2), 110 (305 SE2d 879). "The relevancy of other occurrences and thus the admissibility of such evidence lies within the sound discretion of the trial court, and may have probative value if the conditions of the other occurrence are substantially similar and may explain the occurrence under examina-

tion by the jury. *Georgia Cotton Oil Co. v. Jackson,* 112 Ga. 620 (4) (37 SE 873); *Carlton Co. v. Poss,* 124 Ga. App. 154, 155 (3) (183 SE2d 231)." *Reed v. Heffernan,* 171 Ga. App. 83, 85 (1(a)) (318 SE2d 700).

Just as similar transactions are frequently admissible to show fraud (*Ballard v. Turner,* 147 Ga. App. 584, 585 (2) (249 SE2d 637)), as well as motive and intent (*Terry v. Fickett,* 199 Ga. 30, 38 (8) (33 SE2d 163)), we find no reason that such evidence should not be admitted when it provides probative evidence of malice. " 'The "malice" contemplated by law in an action for malicious prosecution is the same as in an action for malicious arrest, and "may consist in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual." ' *Darnell v. Shirley,* 31 Ga. App. 764 (2) (122 SE 292) (1924)." *Melton v. LaCalamito,* 158 Ga. App. 820, 824 (2(c)) (282 SE2d 393). We find no abuse of the trial court's discretion in permitting testimony regarding the warrants previously taken out by defendant.

2. The warrant taken out by defendant, upon which the case sub judice is predicated, charged plaintiff with theft by taking of a farm tractor. Defendant enumerates as error the trial court's refusal to admit into evidence two exhibits which would have shown that plaintiff's wife's uncle had been indicted and had entered a plea of guilty to certain drug charges. Contrary to defendant's contentions, her exhibits were irrelevant since they fail to prove or disprove any material fact at issue, thus the trial court did not err in excluding defendant's exhibits from evidence. *Scott Housing Systems v. Hickox,* 174 Ga. App. 23 (329 SE2d 154); *Williams v. Runion,* 173 Ga. App. 54 (325 SE2d 441).

Defendant also enumerates as error the trial court's sustaining an objection to a question posed to defendant on direct examination. However, since no proffer of the expected answer to the question was made, we find no error. *State Hwy. Dept. v. Whitehurst,* 106 Ga. App. 532 (1) (127 SE2d 501). This enumeration of error is without merit.

3. Next, defendant enumerates as error the following charge to the jury: "I charge you that the defendant may be liable for failure to investigate before instigating a criminal prosecution, where a reasonable person may have investigated and there may be liability for false imprisonment or malicious prosecution where a party directly or indirectly initiates a criminal prosecution without waiting for a police investigation."

While it is uncontroverted that this charge accurately states the law (see *Medoc Corp. v. Keel,* 166 Ga. App. 615, 617 (2) (305 SE2d 134)), defendant contends that it should have been refused as not adjusted to the facts of the case and argues that the charge supplies plaintiff with a new cause of action, to wit: false imprisonment. We

agree that the reference to false imprisonment in the charge should have been omitted. "If the plaintiff was arrested under a void warrant the action is for false imprisonment and if the warrant is valid malicious prosecution is the remedy." *Courtenay v. Randolph,* 125 Ga. App. 581 (1) (188 SE2d 396). In the case sub judice, the pleading and evidence do not present an issue as to false imprisonment, therefore, the reference to this theory was inappropriate.

" ' "An instruction containing a correct legal principle, though inappropriate to the case, if not prejudicial to the contention of the losing party, affords no sufficient reason for granting a new trial." (Cits.)' *Rolan v. Rittenhouse,* 107 Ga. App. 769 (3) (131 SE2d 112) (1963). 'An irrelevant or inapplicable charge is not ground for reversal unless it is likely to have misled the jury or to have affected the verdict. (Cits.)' *Service Wholesale Co. v. Reese,* 91 Ga. App. 366, 368 (3) (85 SE2d 625) (1955). See *Bailey v. Todd,* 126 Ga. App. 731 (9) (191 SE2d 547) (1972). '(T)he rule is that in consideration of allegedly erroneous charges this court must look to the charge in its entirety. (Cit.) If the charge as a whole is not misleading, there is no error. (Cits.)' *State Highway Dept. v. Davis,* 129 Ga. App. 142, 144 (199 SE2d 275) (1973)." *Anderson v. Copeland,* 162 Ga. App. 611 (292 SE2d 472). Applying these principles to the facts of the instant case, we find no reversible error. The charge contains no other reference to "false imprisonment" and when viewed as a whole cannot be reasonably construed as authorizing an award of damages predicated on that theory.

Additionally, we find that the trial court did not mislead defendant as to what it intended, nor did the charge unduly highlight the absence of a police investigation of the case against plaintiff on the theft by taking charge. This enumeration is without merit.

4. Defendant enumerates as error the denial of her motion for continuance which was presented on the morning of the trial date. The motion was supported by a physician's letter which stated that because of her physical condition defendant was unable to bear up under the stress of legal proceedings and that "if she continues on her present course I think she may be able to testify in approximately six months."

Defense counsel failed to make the statement required by OCGA § 9-10-154 that he cannot safely go to trial without the presence of his client. In the cases of *Wasson v. Cox,* 176 Ga. App. 684 (337 SE2d 445), and *Allen v. Brookshire,* 169 Ga. App. 391 (1) (312 SE2d 862), there were similar failures of a party's counsel to make the statement required by OCGA § 9-10-154 accompanied by an absence of evidence that the party was expected to improve so as to enable the party to be present at a future trial of the case. Defendant argues that the indication of probable improvement in the physician's letter removes the

case sub judice from the rule of *Wasson v. Cox*, supra, and *Allen v. Brookshire*, supra. We do not agree, as such would defeat the apparent intent of OCGA § 9-10-154 that the case proceed to trial without a providentially absent party where such may be accomplished without prejudice to the absent party. In other words, we do not view the absence of evidence, that the party was expected to improve so as to be present at a future trial, as essential to the holding in *Wasson* and *Allen*. The trial court did not err in denying defendant's motion for continuance.

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED APRIL 10, 1989 —
REHEARING DENIED MAY 5, 1989 — 

*Coleman, Kitchens, Wolfson & Smith, James R. Smith, Jr.,* for appellant.

*Gwendolyn A. Atkinson, A. D. Denton,* for appellee.