A98A1335. DEPARTMENT OF HUMAN RESOURCES v. FENNER.
(510 SE2d 534)

SMITH, Judge.

Following the divorce of Desiree and Darin Fenner, a withholding order was entered in Connecticut requiring Darin Fenner to make weekly child support payments of $189, plus weekly arrearage payments of $10 for three minor children. After the Connecticut order was entered, the Georgia Department of Human Resources (DHR) filed a petition on behalf of Desiree Fenner in superior court for registration of this order. During the hearing on DHR's petition, Darin Fenner (Fenner) contended that the Connecticut order had been fraudulently obtained, maintaining that he learned after his divorce that he was not the biological father of two of the children.

Following the hearing, the trial court refused to enforce the Connecticut order and issued instead a temporary order requiring Fenner to pay child support for only one child and relieving him from paying any arrearage. The court ruled that the temporary order would "stay in effect until further proof is presented to this court, in the form of [a] blood test, that shows the paternity of" the other two children. We granted DHR's application for interlocutory review to consider among other things whether, in light of the Full Faith & Credit for Child Support Orders Act, 28 USC § 1738B, Fenner was entitled to raise a defense of fraud. We conclude that although Fenner may have been authorized to raise a fraud defense, this defense was not meritorious. We therefore reverse.

1. At the outset, we consider DHR's argument that under 28 USC § 1738B (a), the trial court was not authorized to consider Fenner's fraud defense. That section requires that full faith and credit be given to child support orders of foreign states, reciting that each State "shall enforce according to its terms a child support order made consistently with this section by a court of another State." 28 USC § 1738B (a) (1). A child support order is made "consistently with this section" if made in a court with proper subject matter and personal jurisdiction, and if proper notice and opportunity to be heard are given to the parties. See 28 USC § 1738B (c). As correctly argued by

DHR, none of these criteria has been challenged by Fenner. For the purpose of this opinion, we therefore assume that the order was made "consistently" with 28 USC § 1738B.

But we do not agree with DHR that Georgia trial courts are categorically precluded by 28 USC § 1738B (a) (1) from considering a fraud defense in an action to register a foreign child support order. DHR's narrow interpretation contravenes the Act's explicit choice of law provision requiring a trial court to apply the forum state's law in an action to enforce a support order. 28 USC § 1738B (h) (1).[1]

2. In Georgia, an obligor in a registration proceeding is entitled to raise "matters that would be available to him as defenses in an action to enforce a foreign money judgment." OCGA § 19-11-80 (a). In considering which defenses are available to such an obligor, we look to OCGA §§ 9-12-130 through 9-12-138, the Uniform Enforcement of Foreign Judgments Law.[2] Under OCGA § 9-12-134 (b), a trial court may stay enforcement of a foreign judgment "[i]f the judgment debtor shows the court any ground on which enforcement of a judgment of the court of this state would be stayed."[3] In Georgia, relief from judgment is governed by OCGA § 9-11-60. Under § 9-11-60 (a), a party may collaterally attack a judgment void on its face, defined as a judgment lacking personal or subject matter jurisdiction. See *Murphy v. Murphy*, 263 Ga. 280, 282 (430 SE2d 749) (1993). Fenner has made no claim that the Connecticut order is void for lack of jurisdiction. We therefore must consider whether Fenner's attack on the Connecticut judgment may be maintained under OCGA § 9-11-60 (b), which permits attack by motion for new trial or motion to set aside in the court of rendition.

But even if we assume, without deciding, that the Georgia court may be considered "the court of rendition," rendering OCGA § 9-11-60 (b) applicable, Fenner's contention that the Connecticut order was obtained by fraud is unavailing. OCGA § 9-11-60 (d) (2) permits a

---

[1] The Act further addresses choice of law issues concerning interpretation of support orders "including the duration of current payments and other obligations of support" and statutes of limitation in arrearage enforcement actions, 28 USC § 1738B (h) (2)-(3). These issues are not involved in this case.

[2] This law applies "to foreign judgments of other states only if those states have adopted the 'Uniform Enforcement of Foreign Judgments Act' in substantially the same form as this article." OCGA § 9-12-138. Because Connecticut has enacted a statute entitled "Uniform Enforcement of Foreign Judgments" in substantially the same form as that enacted by Georgia, see Conn. Gen. Stat. §§ 52-604 through 52-609, application of the Georgia act is authorized.

[3] We note that the Georgia Foreign Money Judgments Recognition Act, OCGA §§ 9-12-110 through 9-12-116, does not apply in this case, as the foreign judgment sought to be enforced is one "for support in matrimonial or family matters." OCGA § 9-12-111 (1). Furthermore, Connecticut is not a "foreign state" as defined in OCGA § 9-12-111 (2) (B). Contrary to Fenner's argument, OCGA § 9-12-114 (5), listing fraud as a defense to a money judgment, is therefore inapplicable.

judgment to be set aside for "[f]raud . . . unmixed with the negligence or fault of the movant." Under the facts of this case, Fenner cannot meet this requirement; he has shown neither actionable fraud nor that his failure to investigate paternity was unmixed with his own "negligence or fault."

Although Fenner argued below that he learned after his divorce that he was not the father of all three children, he admitted that an issue arose at the time of his divorce concerning his paternity with regard to at least one child. He testified that he "addressed the issue of [A. F.] not being mine at the time of my divorce. I was instructed by my attorney at that time because we fought like cats and dogs. And I wanted to be free of her because at that time I was getting ready to get married again. He said to me that I would be able to address the paternity issue at a later date. And then during several arguments with her and trying to have visitation rights to see my kids at the time . . . she said to me . . . you know that [A. F.] is not yours."

This evidence shows that Fenner's failure to investigate paternity despite his suspicion was not caused by any alleged misrepresentation by Desiree Fenner. Instead, this failure was based on Fenner's own desire to conclude divorce proceedings rapidly and his own decision to litigate paternity at a later time. He therefore has not shown reasonable reliance on an alleged misrepresentation or proximate cause, which are essential elements of fraud. *Grice v. Detwiler*, 227 Ga. App. 280, 282 (488 SE2d 755) (1997). Moreover, despite Fenner's suspicion at the time of his divorce that he was not the father of at least one child born during his marriage, he failed to arrange for blood tests to establish paternity until four or five years after the divorce was final. And even had Fenner's suspicion not arisen at the time of his divorce, putting him on notice that paternity might be an issue, Desiree's statement to him that A. F. was not his child certainly did. Yet he waited approximately three years after this admission to challenge paternity of that child as well as another child born during the marriage. Fenner has not shown under these circumstances that his failure to investigate was the fault of anyone but himself. His fraud defense therefore fails. Because Fenner did not show "any ground on which enforcement of a judgment of a court of this state would be stayed," OCGA § 9-12-134 (b), the trial court erred in staying enforcement of the Connecticut support order.

3. Our decision in Division 2 renders it unnecessary that we consider DHR's contention that the trial court lacked jurisdiction to modify the Connecticut order.

*Judgment reversed. Johnson, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED NOVEMBER 12, 1998.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, William C. Joy, Senior Assistant Attorneys General, Katherine S. Davis, Assistant Attorney General, for appellant.*
*Kris K. Skaar, David A. Canale, for appellee.*