A99A1600. DEPARTMENT OF HUMAN RESOURCES v. PINTER.
(525 SE2d 715)

BARNES, Judge.

The Georgia Department of Human Resources ("DHR"), on behalf of Angela Pinter, appeals the superior court's dismissal of DHR's complaint for contempt filed to collect $22,345 in child support arrears as ordered by an Indiana court. DHR contends that the trial court erred by failing to extend full faith and credit to a foreign child support order and erred by allowing Pinter to re-litigate the issue of paternity. We agree and reverse.

Ivis E. Pinter and his ex-wife were married in July 1977, the child was born in December 1977, and they divorced in Indiana in

---

June 1978. The couple remained together only three months after the child was born. In addition to dissolving the marriage and dividing the property, the divorce decree required Pinter to pay $30 per week in child support. Subsequently, Pinter moved to Florida where he lived with his ex-wife for a time. In 1992, after a conversation with the child, he became suspicious that he was actually not the father of the child. Consequently, Pinter and the child had blood tests performed, and the results of these tests excluded Pinter as the biological father of the child.

Based on these results, Pinter filed a motion in the court in Indiana challenging his obligation to pay child support. After a hearing on the issue which considered the blood tests and other evidence concerning the circumstances existing at the time of the marriage and the divorce, the court found that Pinter was not the biological father of the child and relieved him of the obligation of future child support. The court held, however, that Pinter was responsible for the child support arrears because he was estopped from contesting the previous judgments.

Upon appeals by both parties, the Court of Appeals of Indiana reversed this decision and held that Pinter was the legal father of the child and that no fraud at the time of the marriage and divorce warranted setting aside the divorce decree that required Pinter to pay child support. Subsequently, child support was increased to $65 per week, Pinter was ordered to pay $35 a week to pay off his arrearage, and he was found to be $17,340 in arrears.

After Pinter moved to Georgia, the State of Indiana on behalf of Pinter's ex-wife obtained an order from an Indiana court asking this State to enforce the order of support and collect the arrearage, which by this time had risen to $21,435. DHR filed a complaint in Fannin County Superior Court to enforce the order, but upon Pinter's objection, the superior court dismissed the complaint. After we granted DHR's application for a discretionary appeal, DHR filed this appeal.

1. The outcome of this case is controlled by the federal Full Faith & Credit for Child Support Orders Act, 28 USC § 1738B, ("the Act") and OCGA § 24-7-24. In the Act, Congress has mandated that full faith and credit be given a foreign child support order or judgment. *Dept. of Human Resources v. Deason*, 238 Ga. App. 853, 861 (1) (c) (520 SE2d 712) (1999) (physical precedent). Thus, neither this court nor the trial court may ignore the Act's requirement that the courts of this State give full faith and credit to child support orders from other states that satisfy the jurisdictional due process standards of the Act. 28 USC § 1738B (c).

To satisfy these jurisdictional due process standards, the child support order must have been promulgated by a court with proper jurisdiction over the subject matter and personal jurisdiction over

the parties, and the parties must have received proper notice and have had the opportunity to be heard. 28 USC § 1738B (c); *Dept. of Human Resources v. Fenner*, 235 Ga. App. 233 (1) (510 SE2d 534) (1998). The orders in this case clearly satisfy these standards. Pinter submitted to the jurisdiction of the Indiana court by moving to modify the original child support order, and he has raised no issue concerning lack of subject matter jurisdiction or notice.

Further, the issues concerning Pinter's paternity and whether the divorce decree was procured by fraud were litigated fully in Indiana and decided adversely to him. Compare *Fenner*, supra, 235 Ga. App. at 234-235. Under these circumstances, Pinter cannot relitigate these issues. OCGA § 9-12-40; 28 USC § 1738B.

2. In view of our disposition of this case in Division 1, we need not address DHR's other enumerations of error.

Accordingly, the trial court's dismissal of the complaint for contempt must be reversed and the case remanded to the trial court.

*Judgment reversed. Blackburn, P. J., and Ellington, J., concur specially.*

BLACKBURN, Presiding Judge, concurring specially.

Although I agree with the judgment of the majority, I write separately to point out the absurdity of the present state of the law that requires a putative father to pay child support after he has scientifically proven that he is not the biological father. As I stated in *Smith v. Dept. of Human Resources*, 226 Ga. App. 491, 493 (487 SE2d 94) (1997), "the law should not punish a purported father for failing to insist on a paternity test when he has no reason to believe that he is not the father." Not only has the putative father been cuckolded, the law adds injury to insult by requiring him to pay child support even after he establishes that he is not the biological father. Once non-paternity is scientifically established, courts cannot ignore such fact by relying on policies developed when no such proof was possible. To create a fiction in this matter does not make the male the biological father of the child; it simply makes him the victim of the law. It also makes an ass of the law. While the courts may preach their false policy, they lose the respect of any citizen with common sense. The legislature should address this issue.

I am authorized to state that Judge Ellington joins in this special concurrence.

DECIDED NOVEMBER 18, 1999.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, William C. Joy, Senior Assistant Attorney General,*

*Katherine S. Davis, Assistant Attorney General*, for appellant.
    *David E. Ralston*, for appellee.