A04A1912. TAYLOR et al. v. BENNETT CHEVROLET/BUICK,
INC.
(609 SE2d 215)

SMITH, Presiding Judge.

Donna and James Taylor brought suit against Bennett Chevrolet/Buick, Inc., alleging several theories of recovery, including that Bennett had defrauded them when it sold them a wrecked Chevrolet Camaro as new.[1] The first trial of the case resulted in a verdict for the Taylors in the amount of $100,000, but the Taylors consented to Bennett's motion for a new trial, which the trial court granted. When the case was tried a second time, the case was submitted to the jury on special interrogatories, resulting in a defense verdict. The Taylors' motion for new trial was denied, and this appeal ensued.

The Taylors raise three enumerations of error, contending that the trial court abused its discretion on an evidentiary matter and erred in its jury charge and in its modification of the special verdict form. We find no error and affirm.

1. The Taylors first complain of the trial court's exclusion of the testimony of one witness, which was presented as evidence of a similar transaction. The Taylors sought to introduce the testimony of four witnesses who either had experienced similar difficulties with Bennett, or were former employees aware of fraudulent practices. Bennett filed a motion in limine seeking to exclude all "similar transaction" evidence.

The trial court admitted all but the proffered testimony of Steve Adams, which the trial court felt was not "probative of the kind of fraud that you're trying to show in this case, so I think that I am going to sustain the objection with respect to Mr. Adams'[s] testimony." The Taylors argue that it was error to exclude Adams's testimony because his experience with Bennett was, indeed, sufficiently similar to theirs and was probative of Bennett's fraudulent practices. We do not agree.

Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place

---

[1] The Taylors also sued General Motors, but their claims against GM were settled when they entered into a release and settlement agreement with GM.

too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise. The relevancy of other occurrences and thus the admissibility of such evidence lies within the sound discretion of the trial court, and may have probative value if the conditions of the other occurrence are substantially similar and may explain the occurrence under examination by the jury.

(Citations and punctuation omitted.) *Worn v. Warren*, 191 Ga. App. 448-449 (1) (382 SE2d 112) (1989).

The proffered testimony of Adams showed a transaction significantly different from that of the Taylors. The Taylors purchased what they believed to be a new car from Bennett. Adams testified that he did not purchase a new car, but a used car: a demonstrator with approximately 5,500 miles on it. The Taylors alleged that Bennett never disclosed the car's previous damage and repair, whereas before Adams bought the used car, he was informed that it had sustained damage and had been repaired; the reduced price Adams paid reflected this history. In addition, the Taylors drove their car for approximately eight months before alleging it was not new when they purchased it; Adams drove his car for approximately two years before claiming that the car had been in a major wreck. Furthermore, while Adams alleged that the car had far more damage than he originally believed, he did not know how much actual damage the car had sustained, nor did he testify that Bennett had misrepresented the car's damage.

We review trial courts' decisions to exclude evidence of similar incidents under an abuse of discretion standard. *Rose v. Figgie Intl.*, 229 Ga. App. 848, 850 (1) (495 SE2d 77) (1997). Under these facts, no showing was made by the Taylors of "substantial similarity," nor did they show that the Adams transaction was so relevant to theirs that it was apparent that both were carried out in the furtherance of a common fraudulent scheme. We therefore conclude that the trial court did not abuse its discretion in excluding the proffered testimony of Adams.

2. We find no merit in the Taylors' contention that proximate cause is not an element of fraud and therefore the trial court erred when it instructed the jury that "the alleged false representation must have proximately caused damage to the plaintiffs." It is well established that to recover, "[t]he fraudulent misrepresentation must proximately cause the damages." (Citation and footnote omitted.) *Pendley Quality Trailer Supply v. B & F Plastics*, 260 Ga. App. 125, 126 (578 SE2d 915) (2003). See also *Dept. of Human Resources v. Fenner*, 235 Ga. App. 233, 235 (2) (510 SE2d 534) (1998) (defendant could not use fraud defense, because he had "not shown reasonable

reliance on an alleged misrepresentation or proximate cause, which are essential elements of fraud. [Cit.]").

3. The Taylors also contend that the court erred in inserting the word "knowingly" into question 1 of the special verdict form. The trial court charged the jury correctly on the elements of fraud as applied to this case, including an instruction that the defendant must have known the representation it made regarding the vehicle was false. Question 1 of the special verdict form read as follows: "Did Bennett Chevrolet/Buick, Incorporated, knowingly defraud Donna Taylor and James W. Taylor by selling them a wrecked car as new?"

The Taylors argue that the insertion of the word "knowingly" into the verdict form placed an additional burden on the jury, requiring no recovery unless the Taylors proved Bennett "knowingly knew" the representation was false. We find this argument not only without merit, but absurd.

The word "knowingly" may have added nothing to the question asked of the jury, but neither did it distort or change the jury's burden. With or without the word "knowingly," the jury was required to find that Bennett defrauded the Taylors knowingly. The meaning of the special verdict question was quite clear, and we find that it did not confuse the jury.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JANUARY 19, 2005.

*Martha F. Dekle, Fletcher Farrington*, for appellants.
*John J. Ossick, Jr.*, for appellee.