06-5246-cv
Holmes v. Grubman

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-third day of June, two thousand and ten.

PRESENT:

JOHN M. WALKER, JR.,
JOSÉ A. CABRANES,
*Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
WILLIAM K. HOLMES, HOLMES CAPITAL, LLC, BREW DOG, LLC,
BIMINI STAR, LLC, and EBH INVESTMENTS CO., LLC,

       *Plaintiffs-Appellants,*

           *v.*                    No. 06-5246-cv

JACK GRUBMAN and CITIGROUP GLOBAL MARKETS INC.
f/k/a Smith Barney Co., Inc.,

       *Defendants-Appellees.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

[*] Judge Reena Raggi recused herself from participating in oral argument and deciding this appeal. The appeal has been decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

**FOR PLAINTIFFS-APPELLANTS:**    ROSEMARY S. ARMSTRONG (Joseph J. Burton, Jr., *on the brief*), Burton & Armstrong, LLP, Atlanta, GA.


**FOR DEFENDANTS-APPELLEES:**    WALTER RIEMAN (Brad S. Karp, Eric S. Goldstein, and Susanna Buergel, *on the brief*) Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY.

Appeal from an October 13, 2006 judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

This case returns to us from the Supreme Court of Georgia to which we had certified questions of state law. *See Holmes v. Grubman*, 568 F.3d 329 (2d Cir. 2009). We certified the following three questions:

I.   Does Georgia common law recognize fraud claims based on forbearance in the sale of publicly traded securities?

II.   With respect to a tort claim based on misrepresentations or omissions concerning publicly traded securities, is proximate cause adequately pleaded under Georgia law when a plaintiff alleges that his injury was a reasonably foreseeable result of defendant's false or misleading statements but does not allege that the truth concealed by the defendant entered the marketplace, thereby precipitating a drop in the price of the security?

III.   Under Georgia law, does a brokerage firm owe a fiduciary duty to the holder of a non-discretionary account?

*Id.* at 340-41.

The Supreme Court of Georgia has answered those questions in an opinion: *Holmes v. Grubman*, No. S09Q1585, 2010 WL 424225 (Ga. Feb. 8, 2010). In doing so it agreed with the District Court's interpretation of Georgia law on proximate cause, holding that proximate cause requires "that the truth concealed by the defendant entered the marketplace, thereby precipitating a drop in the price of the security." *Id.* at * 6. On the remaining certified questions, the Supreme Court of Georgia held that Georgia common law recognizes fraud claims based on forbearance in the sale of publicly traded securities (so-called "holder" claims) and that Georgia law recognizes a fiduciary duty owed by a brokerage firm to the holder of a non-discretionary account. *Id.* at *3-4, *6. Both of those holdings run contrary to the District Court's rulings below. *See Holmes v. Grubman*, Nos. 02 Civ. 3288, 04 Civ. 8308, 2006 WL 751382, at *2 (S.D.N.Y. Mar. 24, 2006) (holding that Georgia law does not recognize "holder" claims); *Holmes v. Grubman*, 456 F. Supp. 2d 508, 517 (S.D.N.Y. 2006) (holding that a brokerage firm owes no fiduciary duty to holders of non-

discretionary accounts under Georgia law).

Although the District Court did not accurately anticipate the Supreme Court of Georgia's rulings with respect to two of the certified questions, we nevertheless conclude that plaintiffs' claims properly were dismissed. Proximate cause is an element of claims of fraud, negligence, and breach of fiduciary duty under Georgia law. *See Taylor v. Bennett Chevrolet/Buick, Inc.*, 609 S.E.2d 215, 217 (Ga. Ct. App. 2005) (fraud); *Cieplinski v. Caldwell Elec. Contractors, Inc.*, 633 S.E.2d 646, 650 (Ga. Ct. App. 2006) (negligence); *Newitt v. First Union Nat'l Bank*, 607 S.E.2d 188, 196 (Ga. Ct. App. 2004) (negligent misrepresentation); *Savu v. SunTrust Bank*, 668 S.E.2d 276, 283 n.16 (Ga. Ct. App. 2008) (breach of fiduciary duty). The District Court dismissed plaintiffs' claims of fraud, negligence, and negligent misrepresentation because plaintiffs failed to plead adequately proximate cause, and the Supreme Court of Georgia confirmed that, in doing so, the District Court applied the correct legal standard. Accordingly, we affirm the District Court's dismissal of plaintiffs' claims of fraud (including plaintiffs' "holder" claims), negligence, and negligent misrepresentation substantially for the reasons stated in the District Court's careful Opinion and Order. *See Holmes*, 456 F. Supp. 2d at 514-17.

Although the District Court did not rely on a lack of proximate cause in dismissing plaintiffs' claim for breach of fiduciary duty, we may affirm the judgment of the District Court on any basis supported by the record, including grounds upon which the District Court did not rely. *See Prisco v. A & D Carting Corp.*, 168 F.3d 593, 610 (2d Cir. 1999). Because proximate cause is an element of a claim for breach of fiduciary duty, we conclude that dismissal of that claim was also warranted.

## CONCLUSION

We have considered all of plaintiffs' arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court