### A91A0675. AMERICANI v. SIDKY.
(406 SE2d 259)

POPE, Judge.

Appellee/plaintiff filed suit against appellant/defendant alleging breach of the parties' contract pursuant to which defendant was to build a house for plaintiff. Defendant answered and counterclaimed, seeking to recover for work performed in addition to that specified in the contract. The jury awarded plaintiff $17,300 in damages and $5,700 in attorney fees on his breach of contract claim and awarded defendant $2,100 on his counterclaim under a theory of quantum meruit. Defendant appeals from the denial of his motion for new trial.

1. Defendant first contends that attorney fees were improperly allowed in this case. The record shows, however, that defendant posed no objection at trial either to the admission of evidence concerning litigation expenses or to the court's charge to the jury on this issue. "[Defendant's] failure to address this matter to the court below precludes our consideration of it for the first time on appeal. [Cits.]" *Sunn v. Trophy Marine, Inc.*, 176 Ga. App. 68, 69 (2) (334 SE2d 884) (1985).

2. Defendant next contends the trial court erred in denying his motion for continuance made on the first day of trial. See OCGA § 9-10-154. We find no error. " 'To entitle a party to a continuance . . . evidence of some character, *under oath*, must be presented that the absent party was in fact "providentially prevented from attending . . . the trial [of the case]." A statement by counsel of the absent party in this case, that "[the defendant] was ill and could not attend court," was not a sufficient showing in support of . . . the motion. . . .' [Cits.]" (Emphasis supplied.) *Stanley v. Amos*, 79 Ga. App.

297, 300-301 (53 SE2d 568) (1949). Moreover, no evidence was presented that "[defendant's] condition 'was expected to improve so as to enable him to be present at a future trial of the case. (Cit.)' *Allen v. Brookshire,* 169 Ga. App. 391 (1) (312 SE2d 862) (1984). Under [these] circumstances the trial court did not abuse its discretion by denying the motion for continuance." *Wasson v. Cox,* 176 Ga. App. 684, 685 (337 SE2d 445) (1985).

3. Lastly defendant enumerates as error the trial court's refusal to give his request to charge on substantial performance. The charge requested related to a builder's right to recover the contract price if he has substantially performed under the contract. The issue in this case, however, was the owner's right to recover for defendant's breach of contract. Thus, on its face, the charge was not adjusted to the facts of this case. Moreover, the pleadings and pre-trial order do not suggest that defendant sought to defend this action against him on the basis that he substantially performed under the contract, but rather maintained that plaintiff was not entitled to recover because "he fully performed the written contract."

" 'In order for a refusal to charge to be error, the requests must be entirely correct and accurate, and adjusted to the pleadings, law, and evidence, and not otherwise covered in the general charge. (Cit.)' [Cits.]" *Doctors Hosp. v. Bonner,* 195 Ga. App. 152, 160-161 (5) (392 SE2d 897) (1990). Our review of the transcript shows the trial court's charge to the jury was adjusted to the evidence in this case and thoroughly informed the jury of the principles of law applicable to both parties' theories of recovery and defenses. For the reasons stated above, the trial court did not err in refusing to give the requested charge.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 30, 1991.

*Sexton, Turner & Moody, Lee Sexton,* for appellant.
*Albert B. Wallace,* for appellee.