A01A1703. PARKER et al. v. R & L CARRIERS, INC. et al.
(560 SE2d 114)

MILLER, Judge.

Gary L. Parker appeals from a defense verdict on his claim for the wrongful death of his wife arising out of a collision with a tractor-trailer. On appeal he contends that the trial court erred by failing to give a jury charge on a specific federal regulation governing motor carriers. Since the alleged violation of the regulation was not the proximate cause of the accident, we discern no error and affirm.

Parker sued R & L Carriers, Inc. ("R & L") and others after his wife Sherry was killed in a car accident involving her pickup truck and a Ford tractor owned by R & L. The R & L tractor was driven by R & L's employee, Demetrius Anthony. Anthony was the only survivor of the accident, and there were no eyewitnesses to the accident besides Anthony and the deceased Mrs. Parker. The accident took place at the intersection of Georgia 300 and Georgia State Road 38 when either Anthony or Mrs. Parker ran a red light at the intersection. Although Anthony claims that he did not run the red light and was not fatigued at the time of the accident, an officer who arrived at the accident scene noticed that Anthony appeared fatigued or a bit groggy. The officer admitted, however, that Anthony's condition could have been a result of the accident, and not necessarily drowsiness.

Anthony had been on duty for his employer for several hours prior to the accident and was driving this commercial tractor to Tallahassee, Florida. Prior to his trip, Anthony had filled out a time log estimating what his travel time would have been, but destroyed this time log after the accident because it no longer accurately reflected his travel time. Pre-logging time violates federal motor carrier regu-

---

[7] See *Brantley v. State*, 230 Ga. App. 651, 653 (3) (c) (497 SE2d 399) (1998).

lations, as such time should be logged at the same time as the actual time driven as opposed to being estimated beforehand.

At trial Parker argued that Anthony violated several Federal Motor Carrier Safety Regulations and that these violations constituted negligence per se. More specifically, federal regulations require that (1) travel time be logged at the same time as one's journey, (2) a commercial driver should not be on duty for more than fifteen hours straight or drive for over ten hours, and (3) a commercial driver should not drive a vehicle while fatigued, as such driving could be dangerous and lead to an accident. See 49 CFR §§ 395.8; 395.3 (a) (1), (2); 392.3. At the charge conference, however, Parker withdrew requests for a specific instruction as to each of the federal regulations except for 49 CFR § 392.3, the regulation dealing specifically with driver fatigue.

Although Parker presented several arguments that Anthony violated 49 CFR § 392.3 and may have been fatigued at the time of the accident, the trial court did not instruct the jury specifically on 49 CFR § 392.3. The court, however, gave general instructions on negligence per se, spoliation of evidence, and proximate cause. The jury returned a verdict in favor of R & L.

In his sole enumeration of error, Parker argues that the trial court erred by failing to give a jury charge on 49 CFR § 392.3 in conjunction with its pattern charge on negligence per se. More specifically, he contends that the officer's testimony and Anthony's violations of several other Federal Motor Carrier Safety Regulations raise the inference that Anthony may have been fatigued at the time of the accident and that the violation of 49 CFR § 392.3 constitutes negligence per se. We find Parker's argument to be misplaced and hold that the trial court did not err by failing to give the requested charge on 49 CFR § 392.3.

Setting aside the question of whether the violation of the federal regulation at issue constitutes negligence per se, we hold that Parker's argument ignores proximate cause. The dispositive causal issue in this case is not whether Anthony was negligent in violating the Federal Motor Carrier Safety Regulations, but whether Anthony was negligent in running the red light. The proximate cause of the accident was the failure to yield the right of way, not the failure to follow federal regulations. Anthony's inattention or fatigue *may have explained* his failure to yield the right of way (and is a factor Parker vociferously argued to the jury here), but whether his fatigue *violated a federal regulation* is irrelevant. If the light was green at the time that Anthony approached and went through it, his relative fatigue or lack thereof (and whether such violated federal regulations) would be irrelevant, as he would have had the right of way to proceed through the intersection whether fatigued or not. If the light had been red,

the violation of the federal regulation would similarly be irrelevant, as he would have been obligated to stop at the intersection regardless of whether he was also in violation of a federal regulation.

The running of the red light, and not the violation of 49 CFR § 392.3, was the proximate cause of the accident. A charge on 49 CFR § 392.3 was unnecessary, as it was not adjusted to the facts of the case as tried. See *Stiltjes v. Ridco Exterminating Co.*, 192 Ga. App. 778, 780 (2) (c) (386 SE2d 696) (1989); see also *Wadkins v. Smallwood*, 243 Ga. App. 134, 140-141 (5) (c) (530 SE2d 498) (2000); *Americani v. Sidky*, 199 Ga. App. 823, 824 (3) (406 SE2d 259) (1991). We therefore discern no error from the trial court's failure to give such a charge here.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 11, 2002.

*Gray, Hedrick & Edenfield, William E. Gray II, John F. Salter, Jr.,* for appellants.

*Drew, Eckl & Farnham, Bruce A. Taylor, Jr., Lisa S. Higgins,* for appellees.