## A05A0073. KING v. IRVIN.
(614 SE2d 190)

RUFFIN, Chief Judge.

Moses King sued Joel Irvin for personal injuries relating to an automobile collision. The trial court subsequently dismissed the

---

complaint for want of prosecution after denying King's motion for continuance. Finding no error, we affirm.

The record shows that King filed his complaint on December 10, 2003, and the trial court placed the case on the trial calendar for the week of February 23, 2004. King, a naval reservist, moved for a continuance, asserting that he had received military orders to report to duty on February 23. Although the motion stated that the relevant military orders were attached, the record reveals no such attachment.

The trial court granted the requested continuance and placed the case on the April 19, 2004 trial calendar. King then moved for a second continuance, stating that he had "received the attached military orders to report for duty during the week of April 19, 2004." Once again, however, he failed to attach the orders to his motion.

The record does not contain a transcript or statutory substitute[1] evidencing what occurred at the April 19, 2004 calendar call. According to the trial court's dismissal order, however, Irvin announced ready for trial, and King's counsel asked for a continuance without any supporting affidavits or evidence. The trial court denied the request, called the case for trial, and denied King's subsequent motion to stay the litigation. When the trial court again called the case for trial, King's counsel "professed an inability to move forward." The trial court then dismissed the litigation for want of prosecution. Given the absence of a transcript, we must assume that the trial court's recitation of facts is accurate.[2]

On appeal, King argues that the trial court erred in refusing to grant his requested continuance and dismissing his complaint. Specifically, he claims that, given his military service, both Georgia and federal law entitled him to a continuance from the April 19, 2004 trial date.[3] We disagree.

In Georgia, "[a]ll applications for continuances are addressed to the sound legal discretion of the [trial] court."[4] Nevertheless, Georgia law mandates that a continuance be granted under certain circumstances. For example, OCGA § 9-10-154 requires a continuance "[i]f either party is providentially prevented from attending the trial of a

---

[1] See OCGA § 5-6-41 (g), (i).

[2] See *Willis v. McClain Indus. of Ga.*, 260 Ga. App. 195, 196 (2) (581 SE2d 293) (2003).

[3] King's enumeration of error arguably includes a claim that, regardless of whether the trial court properly denied the motion for continuance, it erred in dismissing his complaint for want of prosecution. King's appellate brief, however, focuses entirely on the motion for continuance. He has presented no argument or citation of authority supporting a separate claim of error relating solely to the dismissal. Accordingly, we deem this claim of error abandoned. See Court of Appeals Rule 25 (c) (2) ("Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned.").

[4] OCGA § 9-10-167 (a).

case, and the counsel of the absent party will state in his place that he cannot go safely to trial without the presence of the absent party . . . provided the continuances of the party have not been exhausted." And OCGA § 9-10-153 states:

> It shall be the duty of any judge[,] . . . on or without motion, to continue any case in the court when the case is reached and any party thereto . . . is absent from the court by reason of his service in the armed forces when such service directly prevents his attendance in court . . . unless . . . the leading counsel, in the absence of the party, on the call of the case, announces ready for trial. . . . [I]f the party plaintiff or defendant is absent, his counsel shall state in his place that he cannot safely go to trial without the client.

Citing these two statutes, King argues that the trial court should have continued the trial. King, however, presented no evidence that his military duties precluded his attendance. Although King's counsel asserted in the second motion for continuance that King had received orders to report for military duty, King did not submit these orders to the trial court or offer other evidence of his service requirements. And the unsupported statements in King's motion are not evidence.[5]

"To entitle a party to a continuance [under OCGA § 9-10-154,] evidence of some character, under oath, must be presented that the absent party was in fact providentially prevented from attending the trial of the case."[6] We find that a similar evidentiary requirement should apply to continuances requested under OCGA § 9-10-153. In other words, a litigant seeking relief pursuant to this statute must make a threshold showing that the statute, in fact, applies.

The record demonstrates that King offered no evidence — sworn or otherwise — that his military service prevented him from attending the April 19, 2004 trial.[7] Accordingly, the trial court did not abuse

---

[5] See *Tahamtan v. Sawnee Elec. Membership Corp.*, 228 Ga. App. 485, 486 (491 SE2d 918) (1997) ("[F]actual assertions contained in the parties' briefs to the lower court are not evidence.").

[6] (Punctuation and emphasis omitted.) *Americani v. Sidky*, 199 Ga. App. 823 (2) (406 SE2d 259) (1991).

[7] Approximately one month after the trial court denied King's second motion for continuance and dismissed his complaint, King submitted copies of military orders requiring his attendance at "annual training" from April 10, 2004, to April 24, 2004. On appeal, however, "we must review [a] case in light of the posture of the record at the time of the trial court's ruling; otherwise, we would be considering the case, contrary to applicable appellate law, on a completely different basis than it appeared to the trial court." *Allen v. Bergman*, 201 Ga. App. 781, 784 (3) (b) (412 SE2d 549) (1991). Thus, we cannot consider this late-filed evidence. Similarly, we cannot consider the evidence of military service that King attached to his

its discretion in refusing to grant a continuance under OCGA § 9-10-153 or § 9-10-154.[8]

King also argues that the trial court should have granted a continuance pursuant to the Servicemembers Civil Relief Act ("the Act"), formerly known as the Soldiers' and Sailors' Civil Relief Act.[9] Under the Act, "[a]t any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days," if certain conditions are met.[10] An application for stay must include:

> A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear[; and] [a] letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.[11]

King has not shown that he actually applied for a stay under the Act. And even if he did apply, the record contains no evidence that he included the necessary information with his application. Accordingly, the trial court did not err in denying his motion for continuance on this ground.[12]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

appellate brief. See *Ashe v. Clayton County Community Svc. Bd.*, 262 Ga. App. 738, 739, n. 1 (586 SE2d 683) (2003).

[8] See *Dimarco's, Inc. v. Neidlinger*, 207 Ga. App. 526, 527-528 (2) (428 SE2d 431) (1993); *Americani*, supra at 823-824.

[9] See 50 USC Appx. § 501 et seq.

[10] 50 USC Appx. § 522 (b) (1).

[11] Id. at § 522 (b) (2).

[12] See *Allen v. Howard*, 185 Ga. App. 758, 759 (1) (365 SE2d 546) (1988) (where evidence presented does not mandate a stay under the Act, the trial court does not err in denying stay). We recognize that, in prior cases construing the Act, our courts have stated that "an applicant for a stay of judicial proceedings, whether plaintiff or defendant therein, under the provisions of the [Act], may rest his request therefor upon the bare statement that he is at the time actively in military service." *Parker v. Parker*, 207 Ga. 588, 589 (63 SE2d 366) (1951). In 2003, however, Congress amended the Act to require that servicemembers include in their stay applications specific information not provided by King. Compare 50 USC Appx. § 521 (2002) with 50 USC Appx. § 521 (2005) and 50 USC Appx. § 522 (2005); see also Pub. L. No. 108-189, 117 Stat. 2835 (2003) (amending the Soldiers' and Sailors' Civil Relief Act of 1940). King's reliance on cases such as *Parker*, therefore, is misplaced.

DECIDED APRIL 21, 2005 — 

*Michael B. King*, for appellant.
*Harper, Waldon & Craig, Thomas D. Harper*, for appellee.