No. 95,727

In the Matter of the Marriage of LEVI BRADLEY, *Appellant,* and AMBER BRADLEY, *Appellee.*

137 P.3d 1030

Opinion filed July 14, 2006.

*Jean Ann Uvodich,* of Olathe, argued the cause and was on the briefs for appellant.

*Amy L. Durkin,* of Eudora, argued the cause, and *Lowell C. Paul,* of Kansas Legal Services, was with her on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: This is an interlocutory appeal in a divorce proceeding. Petitioner, Levi Bradley, is serving in the military. He

seeks a ruling on application of the Servicemembers Civil Relief Act (Act), 50 U.S.C.A. App. § 501 *et seq.* (2003). When respondent filed a motion to modify the temporary custody order, Levi sought a stay of the proceedings pursuant to the Act. The district court concluded that the Act did not apply to the temporary order. At the request of the petitioner, the district court certified its ruling for interlocutory appeal pursuant to K.S.A. 60-2102(c). The sole issue on appeal is whether the Act applies in the circumstances. The Court of Appeals granted leave to docket the appeal. This court transferred the case from the Court of Appeals pursuant to K.S.A. 20-3018(c).

Levi and Amber Bradley were married on February 27, 2003. On September 8, 2003, their son, Tyler, was born. Levi went to boot camp in June 2003 and then was away in the military. They resided with Levi's mother, Starleen Bradley, from the date of their marriage until April 27, 2005.

Levi Bradley filed the present divorce action on May 19, 2005. In his petition, Levi prayed for sole custody of Tyler, with residential placement with his mother, and he contemporaneously filed a motion for temporary orders. In the motion for temporary orders, Levi alleged that Amber had moved in with her boyfriend on April 27 and was not properly caring for Tyler.

After the divorce action was filed, Amber traveled to North Carolina where Levi was stationed. They were going to try to make their marriage work. Amber agreed to leave Tyler in Starleen Bradley's custody. On June 8, 2005, an agreed order and parenting plan, signed by Amber, Levi's counsel, and the trial judge, was filed. It recites that the order is in response to "the Verified Petition for Divorce and Request for Temporary Orders." The order provides:

> "1. The Petitioner is hereby granted sole legal custody of the minor child Tyler Allen Bradley with residential custody of the minor child being with the Paternal Grandmother Starleen Bradley subject to Respondent's reasonable and liberal parent time precluding overnight visitations.
> "2. Petitioner's mother, Starleen Bradley, has full authority to obtain medical attention for the minor child."

On September 26, 2005, Amber filed a motion to modify the order granting sole legal custody to Levi. She alleged that she did

not have counsel at the time she signed the order and did not fully understand what she was agreeing to. She further stated:

"Since the court only has the authority to place the child with anyone other than a parent by agreement, or with a child in need of care referral, the temporary order should be set aside and residential placement of the minor child should be with the respondent. The court has had no opportunity to hear any evidence that would indicate that a child in need of care case is appropriate in this situation."

Petitioner's response was an application for stay of proceedings pursuant to the Act. Levi stated that he had been deployed to Iraq, was scheduled to return to the United States by March 31, 2006, and sought a stay of the proceedings "until such time as he is available to testify." At a hearing on November 8, 2005, the district court expressed the view

"that temporary orders in this matter are [not] stayed by the Servicemen's Civil Relief Act. I believe this Court has a continuing obligation to consider what's in the best interest of the child. I do believe that judgments against a petitioner husband are precluded thereby but not what is in the best interest of this child and I believe the Court has the authority and will take up the Motion to Modify Temporary Orders."

At the conclusion of the hearing, the district court filed the following order:

"1. Custody of the parties' minor child, Tyler Allen Bradley, is awarded to the parties as joint custody with primary residence of the minor child awarded to respondent, Amber Bradley.
"2. Custody of the minor child shall be transferred to respondent on this 8th day of November, 2005, on or before 5:00 PM."

Petitioner filed a motion to reconsider and amend the order. Levi again requested the district court to stay proceedings while he is deployed in Iraq, to certify the question for interlocutory appeal, and to allow him to present evidence that "the situation for the minor child while in the care of Respondent does rise to the level necessary to establish probable cause of a child in need of care." Following a hearing on December 6, 2005, the district court reiterated its earlier ruling that the Act did not apply, denied Levi's motion for a stay of the proceedings, and declined to reconsider placement of the child. The district court did certify the question

for an immediate appeal. Levi Bradley has returned from service in Iraq as scheduled and was present at oral argument before this court.

## DISCUSSION

50 U.S.C.A. App. § 502 (2003) provides that the purposes of the Act are

"(1) to provide for, strengthen, and expedite the national defense through protection extended by this Act to servicemembers of the United States to enable such persons to devote their entire energy to the defense needs of the Nation; and

"(2) to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of service-members during their military service."

The Act applies to "any judicial or administrative proceeding commenced in any court or agency in any jurisdiction subject to this Act. This Act does not apply to criminal proceedings." 50 U.S.C.A. App. § 512(b). The protections extended by the Act are far-ranging and include forgiveness of certain interest, protection from eviction, termination of leases, and prohibition against financial retaliation by lenders and creditors. See Pottorff, *The Servicemembers Civil Relief Act: A Modern Replacement for the SSCRA* [Soldiers' and Sailors' Civil Relief Act], 74 J.K.B.A. 20 (Oct. 2005). In addition, a servicemember is protected when he or she cannot or does not appear to defend or pursue civil proceedings. 50 U.S.C.A. App. § 522(a) (2003) provides that the section "applies to any civil action or proceeding in which the plaintiff or defendant at the time of filing an application under this section—(1) is in military service or is within 90 days after termination of or release from military service; and (2) has received notice of the action or proceeding." 50 U.S.C.A. App. § 522 (b) provides:

"(b) Stay of proceedings
    (1) Authority for stay
        At any stage before final judgment in a civil action or proceeding in which a servicemember described in subsection (a) is a party, the court may on its own motion and shall, upon application by the servicemember, stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

(2) Conditions for stay
An application for a stay under paragraph (a) shall include the following:
(A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.
(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter."

Interpretation of a statute is a question of law over which an appellate court has unlimited review. *Cooper v. Werholtz*, 277 Kan. 250, 252, 83 P.3d 1212 (2004). Additionally, the Servicemembers Civil Relief Act, 50 U.S.C.A. App. § 501 *et seq.* (2003), is to be liberally construed to prevent the civil rights of a servicemember from being adversely affected while serving in the military. *Boone v. Lightner*, 319 U.S. 561, 575, 87 L. Ed. 1587, 63 S. Ct. 1223 (1943); *Lenser v. McGowan*, 358 Ark. 423, 429, 2004 WL 2064892 (2004).

Levi's brief is not helpful. He does not mention the conditions for a stay that are set out in § 522(b)(2). He cites only two cases, both for a proposition not at issue—that the Act applies in child custody proceedings—and, by Levi's own account, neither applying the current version of the Act.

Amber's position is that the conditions set out in § 522(b)(2) must be satisfied in order for the servicemember to have a right to a mandatory stay of proceedings. She contends that Levi did not comply with the statutory conditions. The first condition is that "[a] letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear." § 522(b)(2)(A). Levi attached to his application for stay a photocopy of what he refers to as "orders issued on July 11, 2005," deploying him "to Iraq to defend his country." As Amber points out, however, the document does not bear petitioner's name. The phrase, "see at-

tached roster," appears in the name space, but the roster was not provided to the court.

The Act expressly provides for a mandatory stay of proceedings on a servicemember's motion if the motion includes (1) a statement as to how his current military duties materially affect his ability to appear and when he will be available to appear and (2) a statement from his commanding officer stating that the servicemember's current military duty prevents his appearance and military leave is not authorized for him at the time of the statement. In this case, Levi failed to provide either. The photocopy Levi provided, presumably as a statement of his current military duties, does not name the petitioner or state when he will be available to appear. And there is no statement from his commanding officer. Hence there is no statement that Levi's current military duty prevents his appearance and no statement that he has no military leave presently authorized.

Among the cases cited by Amber is *King v. Irvin*, 273 Ga. App. 64, 614 S.E.2d 190 (2005). King sued Irvin for personal injuries relating to an automobile collision. The case was placed on the trial calendar for the week of February 23, 2004. King, a naval reservist, sought a continuance on the ground that he had received military orders to report to duty on February 23. King's motion stated that his military orders were attached, but they were not. The trial court continued the case to April 19. At the April 19 calendar call, King's counsel asked for a continuance without any supporting documents. When the trial court denied a further continuance, King's counsel " 'professed an inability to move forward,' " and the trial court dismissed the case for want of prosecution. 273 Ga. App. at 65. On appeal, King argued that the trial court should have granted a continuance pursuant to the Act. Noting the statutory procedure and conditions for a stay, the Georgia Court of Appeals stated:

"King has not shown that he actually applied for a stay under the Act. And even if he did apply, the record contains no evidence that he included the necessary information with his application. Accordingly, the trial court did not err in denying his motion for continuance on this ground." 273 Ga. App. at 67.

As in *King*, Levi has failed to furnish the supporting documents required for a stay of proceedings at the application of the servi-

cemember. A stay of proceedings is mandatory upon a properly supported application by the servicemember, but not so if the statutory conditions are not met. It also appears from the language of § 522(b)(1) that a court's discretion to grant a stay on its own motion depends on satisfaction of the statutory conditions—"the court may on its own motion . . . stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met." But § 522 (b)(1) does not address what standard is to be applied by a trial court in considering whether to stay an action upon a servicemembers' application that does not meet the statutory conditions. In the absence of governance by the federal statute, we turn to the law of the courts of this state where it is established that "the question of staying an action is largely discretionary with the court and is governed by the same law applicable to continuances." *Henry, Administrator v. Stewart*, 203 Kan. 289, 293, 454 P.2d 7 (1969). Thus, where there is a failure to satisfy the conditions of the Act, then the granting of a stay is within the discretion of the trial court. Judicial discretion is abused when judicial action is arbitrary, fanciful, or unreasonable. If reasonable persons could differ as to the propriety of the action taken by the trial court, then it cannot be said that the trial court abused its discretion.

Since Levi failed to satisfy those conditions, we review the district court's denial of a stay under an abuse of discretion standard. Here, the minor child was 2 years old, residing with Levi's mother pursuant to an agreement signed by Amber, who was not represented by counsel, and absent such agreement, as Tyler's mother, Amber's claim to custody is clearly superior to Levi's mother. Under the circumstances in the present case, the district court did not abuse its discretion in denying Levi a stay and temporarily granting Amber custody of Tyler.

We do not reach the question of whether the trial court could not have entered the temporary order changing the custody of Tyler if Levi had complied with § 522(b)(2).

Although based on different reasoning, the decision of the district court denying the stay is nevertheless correct and is affirmed on the ground that Levi failed to meet the conditions of §

522(b)(2). If a trial court reaches the right result, its decision will be upheld even though the trial court relied upon the wrong ground. *Hall v. Kansas Farm Bureau*, 274 Kan. 263, 273, 50 P.3d 495 (2002). The decision of the district court is affirmed and remanded for further proceedings.