NOT DESIGNATED FOR PUBLICATION

No. 115,624

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JUSTIN BIERNACKI,
*Appellant*,

and

BONNY BIERNACKI,
*Appellee*.

MEMORANDUM OPINION

Appeal from Finney District Court; MICHAEL L. QUINT, judge. Opinion filed July 14, 2017. Reversed and remanded with directions.

*John M. Lindner*, of Lindner, Marquez & Koksal, of Garden City, for appellant.

*Michael P. Whalen*, of Law Office of Michael P. Whalen, of Wichita, for appellee.

Before STANDRIDGE, P.J., LEBEN, J., and PATRICIA MACKE DICK, District Judge, assigned.

*Per Curiam*: The district court granted Justin Biernacki and Bonny Biernacki a divorce and then held a trial to determine the appropriate division of property as well as issues of child custody, support, and visitation. The district court ordered Justin to pay Bonny $18,000 as an equalization payment in resolving these issues. Justin filed a motion to alter or amend the judgment, arguing that in determining the amount of the equalization payment, the district court failed to consider that Justin's grandfather had gifted him the down payment on the parties' residence. The district court denied Justin's

1

motion, finding that Bonny had testified that the gift was to both of them and that there was insufficient evidence to support Justin's claim that the gift was only to him.

Justin appeals from the district court's decision, challenging only the district court's decision to grant Bonny an $18,000 equalization payment and denying his motion to alter or amend the judgment. Justin argues that the only evidence presented at trial was that the gift was to him. Bonny admits that she never testified that the gift was to both Justin and her, but she argues that the district court's division of property was, nevertheless, fair and equitable. However, the district court expressly based its decision on its finding that Bonny had testified the gift was to both of them—a fact that was not supported by substantial competent evidence. We find the district court's decision to impose an $18,000 equalization payment was an abuse of discretion because it was based on an error of fact. Accordingly, we reverse and remand for the court to reconsider Justin's motion to alter or amend the judgment.

FACTS

Justin and Bonny got married on June 25, 1998. They had one child, who was born in 2007. On February 9, 2012, Justin filed a petition for divorce. In the petition, Justin asked the district court for an equitable division of the parties' property.

On September 15, 2015, the district court filed its journal entry and decree of divorce but left open issues of property division, spousal maintenance, and child support, custody, and visitation. On November 30, 2015, the district court held a trial on the unresolved issues. Although seven witnesses besides Bonny and Justin testified at trial, the majority of the evidence and testimony presented at trial was not relevant to the issues that are presented on appeal. Only the evidence relevant to the issue raised on appeal will be discussed.

2

The parties submitted a joint exhibit listing all of the property to be divided. Justin testified that he lived in a house in Garden City that he purchased from his grandfather in 2009 for $83,000. He stated that his grandfather gifted him the down payment for the house, and he had a mortgage of around $60,000 for the rest of the purchase amount. He testified that the gift from his grandfather was just to him; it was not a gift to Bonny and him. A copy of the settlement statement from the transaction was admitted into evidence at trial. It listed only Justin's name as the borrower and noted a "gift of equity" of $22,654.47. Additionally, Justin introduced into evidence a copy of the Kansas warranty deed on the property. It showed that the property was granted to Justin as "a married man." Although the warranty deed originally had the grantees as Justin and Bonny, husband and wife, as joint tenants with right of survivorship, all but Justin's name had been crossed out. Justin testified that the document came to look like that because it was what his grandfather wanted. On cross-examination, Justin acknowledged that he and Bonny were married at the time he acquired the residence from his grandfather and that she contributed to the household. He also acknowledged that her money was probably used to pay some of the bills at that time.

Bonny testified that while she lived in the house, she worked and used her paychecks to assist in paying the bills. She also helped in the upkeep of the house. She testified that she was asking for a property equalization payment of $18,000 based on her contributions to the family during the marriage.

On December 16, 2015, the district court filed a journal entry resolving the issues in dispute. Regarding the parties' debts and assets, the district court awarded Justin the residences in Garden City and La Crosse as well as the debt obligations and mortgages on those residences. The district court also awarded Justin the rowboat and a specific rifle. The district court awarded Bonny a different rifle and a 2001 Pontiac Grand Prix automobile. The district court ordered that Bonny was responsible for the debt obligations to Sallie Mae, Mid Continent Credit Services, and Spanier Enterprises.

3

Without explaining how it calculated the amount, the district court then ordered that Justin pay Bonny $18,000 to equalize the debts and assets.

On January 8, 2016, Justin filed a motion to alter or amend the judgment on grounds that the district court failed to provide the calculations it used to determine it was necessary for Justin to pay Bonny $18,000 to equalize the debts and assets. Presuming the equalization payment was based on a $36,000 disparity in net value, Justin argued the court had to have calculated the $18,000 equalization payment, at least in part, on the $22,654.47 down payment on the residence, which his grandfather gifted only to him. Subtracting the $22,654.47 gift out of the equation, Justin contends the disparity in net value would be only $13,346, and the equalization amount would be $6,673. Justin then contends that the $6,673 equalization amount should be reduced further based on a pro rata percentage of the initial gift, decreasing the equalization payment to $4,932.

In response, Bonny argued it was procedurally improper for the court to consider Justin's arguments because they were raised for the first time in a motion to alter or amend judgment. Specifically, Bonny argued that Justin presented no evidence at trial regarding the pro rata percentage reduction discussed in his motion to alter or amend. As such, Bonny requested the district court deny Justin's motion.

On January 27, 2016, the district court held a hearing on the motion to alter or amend its judgment at which the parties argued their positions. On February 26, 2016, the district court entered an order denying Justin's motion to alter or amend the judgment. The district court noted that there was no evidence or argument presented at the hearing on the motion to alter or amend that it had not already considered. According to the district court, Justin claimed it was his grandfather's intent to give the down payment on the house only to him, whereas Bonny claimed the gift was given to both of them, and no clear documentation existed to resolve the parties' disagreement. The district court found Justin failed to present sufficient evidence to prove his grandfather gifted the down

4

payment solely to him. The district court found a preponderance of the evidence supported a finding that Justin's grandfather intended to gift the down payment to both parties.

ANALYSIS

Justin argues the district court abused its discretion in deciding its property division award. A district court's division of property in a divorce action is governed by K.S.A. 2016 Supp. 23-2801 *et seq.* District courts have broad discretion in adjusting the property rights of parties in divorce actions, and appellate courts review those decisions for abuse of discretion. See *In re Marriage of Wherrell*, 274 Kan. 984, 986, 58 P.3d 734 (2002). A judicial action constitutes an abuse of discretion if the action is arbitrary, fanciful, or unreasonable; based on an error of law; or based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011). If reasonable persons could differ as to the appropriate division in the case, then it cannot be said that the district court abused its discretion. *In re Marriage of Bradley*, 282 Kan. 1, 7, 137 P.3d 1030 (2006). As the party asserting that the district court abused its discretion, Justin bears the burden of showing abuse of discretion. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *In re Marriage of Hair*, 40 Kan. App. 2d 475, 480, 193 P.3d 504 (2008).

"Cash equalization payments are a means to facilitate an appropriate division of marital property." *In re Marriage of Barbee*, No. 115,134, 2017 WL 1198496, at *7 (Kan. App. 2017) (unpublished opinion). A district court's ruling on division of property must comply with K.S.A. 2016 Supp. 23-2802(a), which states that a divorce decree

> "shall divide the real and personal property of the parties . . . whether owned by either spouse prior to marriage, acquired by either spouse in the spouse's own right after marriage or acquired by the spouses' joint efforts, by:  (1) A division of the property in

5

kind; (2) awarding the property or part of the property to one of the spouses and requiring the other to pay a just and proper sum."

Although the district court's division must be just and equitable, the district court is not required to equally distribute the property among the parties. See K.S.A. 2016 Supp. 23-2802(c); *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 715, 229 P.3d 1187 (2010). A district court's ruling on maintenance or division of property should be affirmed if its findings are supported by substantial competent evidence, even if there is evidence that may support an alternative conclusion. *In re Marriage of Hair*, 40 Kan. App. 2d at 486. "Substantial competent evidence is evidence that possesses both relevance and substance and furnishes a substantial basis of fact from which the issues can reasonably be resolved." *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, Syl. ¶ 1, 350 P.3d 1071 (2015).

When a district court divides property in a divorce, it shall consider the following factors:

> "(1) The age of the parties; (2) the duration of the marriage; (3) the property owned by the parties; (4) their present and future earning capacities; (5) the time, source and manner of acquisition of property; (6) family ties and obligations; (7) the allowance of maintenance or lack thereof; (8) dissipation of assets; (9) the tax consequences of the property division upon the respective economic circumstances of the parties; and (10) such other factors as the court considers necessary to make a just and reasonable division of property." K.S.A. 2016 Supp. 23-2802(c).

A district court's failure to specifically articulate the evidence that supports its finding is not fatal. In the absence of an objection before the district court, an omission in the district court's findings does not support reversal because the district court is presumed to have found the facts necessary to support its judgment. *In re Marriage of Whipp*, 265 Kan. 500, 508-09, 962 P.2d 1058 (1998).

In the present case, the district court did not explain in its initial journal entry how it came up with $18,000 as the equalization amount. Justin filed a motion to alter or amend the judgment, arguing that the district court failed to make a "finding to indicate if or how the Court considered the source and origin of the main asset of the marital estate, and the reason for the disparity, the residence at [street address] Garden City, Kansas." Justin argued that the district court should have subtracted $22,654.47 from its calculation of the disparity between the parties' assets because that amount of the residence's value was gifted him as the down payment for the residence. He also argued that the district court should further reduce the disparity by an additional $3,483 as a pro rata decrease in the appreciation of the residence based on the initial gift.

In denying his motion, the district court stated that Justin had not presented anything at the hearing on his motion to alter or amend that it had not already considered. The district court then stated:

> "2. Contrary evidence was presented on the issue of the allegation that a gift was given by [Justin's] family member to the parties. [Justin] claims that it was his grandfather's intent to give the down payment on the house only to him. [Bonny] voiced an alternate interpretation and claimed it was given to both of them. No clear documentation exists to resolve this disagreement between the parties."

The district court ultimately determined that Justin failed to present sufficient evidence to prove that his grandfather gifted the down payment solely to him. In the absence of such proof, the district court stated it "[felt] the more likely factual finding [was] that whatever gift occurred, it was intended to both members of the married couple." The district court determined that a preponderance of the evidence did not support Justin's position that it was a gift only to him.

On appeal, Justin argues that the district court's factual finding that the down payment was a gift to both parties is not supported by substantial competent evidence.

Bonny acknowledges in her appellate brief that she never testified that the down payment was a gift to both parties. But she argues that the district court's decision was nonetheless fair and just because Justin was awarded assets totaling over $39,000 and she was awarded more debt than assets.

Although a district court does not have to equally divide property, the division must be fair and equitable and, more importantly here, based on facts supported by substantial competent evidence. See *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 715; *In re Marriage of Hair*, 40 Kan. App. 2d at 486. And although a district court is not required to explain its reason for dividing property the way it did, when a party objects to the division, the district court must then explain its reasoning. See *In re Marriage of Whipp*, 265 Kan. at 508-09.

Here, Justin presented at trial a copy of the settlement statement from the purchase of the house, which designated a "gift of equity" in the amount of $22,654.47 and listed only Justin's name as the borrower. Justin testified that his grandfather gifted the equity only to him and not to Bonny. Justin also presented at trial a copy of the Kansas warranty deed on the property. Although the warranty deed originally had the grantees as Justin and Bonny, husband and wife, as joint tenants with right of survivorship, all but Justin's name had been crossed out. Justin testified that the document came to look like that because it was what his grandfather wanted. Based on our review of the record, we find no evidence, through Bonny's testimony or otherwise, that Justin's grandfather gifted the down payment to both Justin and Bonny.

The district court's order requiring Justin pay Bonny $18,000 to equalize the debts and assets was based on a finding that Justin's grandfather gifted the down payment of $22,654.47 to both Justin and Bonny—a fact that is not supported by substantial competent evidence in the record. A decision based on an error of fact constitutes an abuse of discretion. Accordingly, we reverse and remand for the court to reconsider

8

Justin's motion to alter or amend the judgment and issue a decision consistent with applicable law. See *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 715 (district court does not have to equally divide property; the requirement is that division be fair and equitable); *In re Marriage of Hair*, 40 Kan. App. 2d at 486 (decision to divide property in particular way must be based on facts supported by substantial competent evidence); *In re Marriage of Whipp*, 265 Kan. at 508-09 (although district court is not required to explain its reason for dividing property the way it did, when party objects to division, district court must then explain its reasoning).

Reversed and remanded with directions.