STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1331

JENNIE MARY WALDROP

VERSUS

CHRISTOPHER PAUL MILEY

JUL 2 3 2024

Judgment Rendered: _____

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 729095

Honorable Wilson E. Fields, Judge Presiding

* * * * *

Erik E. Kjeldsen                          Attorney for Plaintiff-Appellee,
Baton Rouge, LA                           Jennie Mary Waldrop


Douglas D. Brown                          Attorney for Defendant-Appellant,
Hammond, LA                               Christopher Paul Miley



* * * * *

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

McClendon, J. concurs and assigns reasons.

**HESTER, J.**

Defendant appeals the trial court's judgment granting a protective order in favor of plaintiff. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

On February 23, 2023, Jennie Mary Waldrop filed a "Petition for Protection from Abuse" pursuant to La. R.S. 46:2171 *et seq.* seeking protection from Christopher Paul Miley, with whom she had recently served on the Maison De Ville Homeowners' Association. In her petition, Ms. Waldrop alleged, among other things, that Mr. Miley harassed and threatened her, came to her home uninvited on more than one occasion, attempted to give her an unwanted gift, and made several calls and sent several text and email messages to her and other female members of the homeowners' association. On February 24, 2023, a temporary restraining order was granted under La. R.S. 46:2171 *et seq.*, and the hearing for the protective order was set for March 15, 2023. Mr. Miley was personally served with the petition on February 24, 2023.[1]

The day before the hearing, Mr. Miley's attorney e-filed a motion to enroll at 2:02 p.m. and e-filed a dilatory exception raising the objection of vagueness and peremptory exceptions raising the objections of nonjoinder of a party and no right of action at 10:22 p.m. In the exceptions, Mr. Miley also sought protection under the Servicemembers Civil Relief Act, 50 U.S.C.A. §3901 *et seq.*, stating that he is currently deployed as an active duty member of the United States Armed Forces and asking the court to stay the proceedings until his deployment concluded.

On the morning of the hearing, an attorney who was not enrolled as counsel for Mr. Miley appeared on behalf of Mr. Miley and requested a continuance. The

---

[1] Although the service return is not in our record, the minutes of the court indicate personal service on Mr. Miley on February 24, 2023. Also, the trial court stated during the hearing: "I show that there was personal service on [Mr. Miley]." Mr. Miley did not dispute that he was served with the petition for protection.

trial court denied the continuance, as well as the dilatory and peremptory exceptions filed by Mr. Miley, and proceeded with the hearing. In denying the exceptions, the trial court pointed out that there was no memorandum attached to the exceptions. The trial court also noted that Mr. Miley stated in his exceptions that he was a member of the military on duty, but provided no proof that he was deployed. The trial court stated that the exceptions provided that there was an attachment; however, there were no documents attached. Therefore, the trial court "went forward with [the] hearing."

Ms. Waldrop testified at the hearing and introduced evidence including videos from her home security camera showing Mr. Miley coming to her home uninvited, swearing and calling Ms. Waldrop names, "flipping the camera off," and staring at her home. She also introduced into evidence several text messages sent to her by Mr. Miley that were threatening and called Ms. Waldrop names.[2] After listening to the testimony and considering the evidence, the trial court granted the protective order pursuant to La. R.S. 46:2171.

Mr. Miley timely filed a "Motion to Set Aside Judgment and Motion for New Trial," contending that the protective order judgment was in violation of the Servicemembers Civil Relief Act, La. R.S. 29:422 *et seq.* and 50 U.S.C.A. §3931 *et seq.* He attached to his motion an affidavit executed by him, "A Judge's Guide to Servicemembers Civil Relief Act," and an unsigned printout from Texas Military Forces in Austin, Texas. After a hearing, the trial court signed a judgment on August 14, 2023, denying Mr. Miley's motion. In "Reasons for Judgment," the trial court determined that Mr. Miley "ha[d] not presented the requisite documentation and evidence to support invoking the protection of the [Servicemembers] Civil Relief Act."

---

[2] A portion of the text messages that Mr. Miley sent to Ms. Waldrop are as follows: "Getting ready to rock and roll bitch. I'm just getting started with you. You'll shiver in your tacky ass clothes when I'm done," "I'll keep making it bitch," and "You don't know who you've f'cked with."

Mr. Miley appealed from the August 14, 2023 judgment, which denied his motion to set aside judgment and motion for new trial.[3] On appeal, Mr. Miley contends that the trial court erred in not allowing the attorney who appeared at the hearing to enroll and represent Mr. Miley, and in hearing the protective order trial without either appointing counsel for Mr. Miley or allowing the attorney present to appear on his behalf in violation of the Servicemembers Civil Relief Act. Additionally, although he did not raise it as an assignment of error, in brief, Mr. Miley contends that the trial court erred in failing to reopen the proceedings upon his timely application.

## LAW AND ANALYSIS

I.     Participation of an Attorney who was not Enrolled

On the day of the hearing, an attorney, Lindy Hicks, was present and stated, "I'm on behalf of Doug Brown for Chris Miley…Chris Miley is my client." When she was asked where Mr. Miley was, she responded, "I'm not sure. I think I was suppose[d] to waive his presence." The trial court responded, stating that it was not allowing her to waive Mr. Miley's presence. Ms. Hicks acknowledged that she had never spoken to Mr. Miley and that she was there to request a continuance. The trial court asked Ms. Hicks if she was enrolled, and she responded, "no sir." The trial court then stated that "the court is not going to allow you to address the court or participate in this hearing not being enrolled in the matter." The trial court also denied her request for a continuance.

---

[3] A judgment denying a motion for new trial is an interlocutory order and is normally not appealable. See La. Code Civ. P. art. 2083(C). However, when a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. **Succession of Simms**, 2019-0936 (La. App. 1st Cir. 2/21/20), 297 So.3d 110, 114. Here, although Mr. Miley's motion for appeal refers to the date of the judgment denying the new trial, his assignments of error refer to the trial court judgment granting the protective order.

A trial court has broad discretion in the control of its docket, case management, and the determination of whether a continuance should be granted. An appellate court will not disturb such a ruling unless there is a clear showing the trial court abused its discretion. **Rover Group, Inc. v. Clark**, 2021-1365 (La. App. 1st Cir. 4/8/22), 341 So.3d 842, 846, writ denied, 2022-00766 (La. 9/20/22), 346 So.3d 287.

Mr. Miley was personally served with notice of the hearing, retained counsel, and did not appear for the hearing. Ms. Hicks never orally requested to enroll on behalf of Mr. Miley, acknowledged that she had never spoken to Mr. Miley, and stated that she was there attempting to get a new hearing date. Under the circumstances, we find it was within the discretion of the trial court to deny Ms. Hick's request to continue the hearing and to not permit Ms. Hicks to participate in the hearing since she was not enrolled.

II.    Failure to Appoint an Attorney under the Servicemembers Civil Relief Act

Mr. Miley contends that the trial court erred in hearing the protective order trial without either appointing counsel for him or allowing the attorney present to represent him since he was entitled to protection under the Servicemembers Civil Relief Act. It appears that Mr. Miley is relying on 50 U.S.C.A. §3931(2), which provides: "If in an action covered by this section it appears that the defendant is in military service, the court may not enter a judgment until after the court appoints an attorney to represent the defendant." For the following two reasons explained below, we find that Mr. Miley was not entitled to the protections of 50 U.S.C.A. §3931(2).

50 U.S.C.A. §3931, titled "Protection of servicemembers against default judgments," provides that this section applies to any civil proceeding in which the defendant does not make an appearance. The purpose of this provision is to protect persons in the armed services from judgments entered against them without their knowledge. Herein, Mr. Miley had notice of the hearing date, an attorney filed a

5

motion to enroll on behalf of Mr. Miley, and the attorney filed multiple exceptions. Mr. Miley, through his counsel, made an appearance in the record before judgment was rendered against him, and he is not entitled to the protections of 50 U.S.C.A. §3931(2).

Furthermore, 50 U.S.C.A. §3932(e) provides that "[a] servicemember who applies for a stay under this section and is unsuccessful may not seek the protections afforded by section 3931 of this title." In this matter, Mr. Miley applied for a stay and was unsuccessful. As discussed below, we find no error in the trial court's decision to deny the stay; therefore, we conclude that Mr. Miley is not entitled to the protections of 50 U.S.C.A. §3931(2).

Mr. Miley was personally served with the order of protection on February 24, 2023, ordering him to show cause on March 15, 2023, why the temporary restraining order and other relief requested should not be made a protective order. Under 50 U.S.C.A. §3931, a servicemember defendant who received actual notice of the action may request a stay of the proceedings under 50 U.S.C.A. §3932. Section 3932(b) provides that an application for a stay shall include the following:

> (A) A letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.

> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

If these statutory requirements are met, the trial court "shall" stay the action for a period of not less than 90 days. 50 U.S.C.A. §3932(b)(1). However, it has been recognized by other jurisdictions that it is within a court's discretion to issue a stay where the servicemember has not complied with the provisions of the statute. See **In re Marriage of Bradley**, 282 Kan. 1, 7, 137 P.3d 1030, 1034 (2006).

In Mr. Miley's request for a stay of the proceedings he stated that he was "an active duty member of the United States Armed Forces currently deployed, see attached…" However, there were no documents attached to his exceptions. His request did not provide a letter or communication that his current military duty requirements materially affected his ability to appear or state a date when he would be available to appear. Further, his request did not include a letter or communication from his commanding officer stating that his current military duty prevents appearance and that military leave is not authorized for him at the time of the letter.

Since Mr. Miley did not comply with 50 U.S.C.A. §3932, the trial court had the discretion to grant or deny the stay. The only statements in Mr. Miley's exceptions regarding a stay were as follows:

> Defendant asserts and claims the protections afforded him under the Servicemembers Civil Relief Act, as the defendant is an active duty member of the United States Armed Forces currently deployed, see attached, and is or otherwise subject to the protections afforded in the Servicemembers Civil Relief Act…and moves that this honorable court stay the proceedings herein until the defendant's deployment has concluded.

During the hearing, the trial court heard testimony that Mr. Miley was in Baton Rouge within the dates of September 1, 2022 and August 31, 2023 when he was allegedly deployed on active duty. Specifically, on February 17, 18, and 23, 2023, Mr. Miley was seen on Ms. Waldrop's home security camera. He was also personally served on February 24, 2023. Given the lack of information in Mr. Miley's request for a stay and the evidence that he was in Baton Rouge, we find it was well within the discretion of the trial court to deny Mr. Miley's request to stay the proceedings.

7

III. Denial of the Motion to Set Aside Judgment and Motion for New Trial

Next, Mr. Miley contends that 50 U.S.C.A. §3931(g)(1)[4] mandates the trial court to reopen Mr. Miley's case. Like 50 U.S.C.A. §3931(2), this section applies when the defendant does not make an appearance. Furthermore, the evidence submitted by Mr. Miley in the motion to set aside the judgment and motion for new trial still was not compliant with 50 U.S.C.A. §3932, as there was no letter or communication from his commanding officer stating that his current duty prevents appearing and that military leave was not authorized at the time of the letter. Additionally, his affidavit does not state a date when the servicemember would be available to appear. Mr. Miley's attached affidavit stated that he was deployed in Austin, Texas, and his unsigned Order from the Texas Military Forces provides his reporting date as from September 1, 2022 to August 31, 2023. As Mr. Miley was not entitled to the protections of 50 U.S.C.A. §3931(g)(1) since he made an appearance in the record, and he did not provide the trial court with proof that his current duty prevented him from appearing, we find no error in the trial court's decision denying his motion to set aside the judgment and motion for new trial.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court granting the protective order is affirmed. All costs of the appeal are assessed to defendant-appellant, Mr. Christopher Paul Miley.

**AFFIRMED.**

---

[4] 50 U.S.C.A. §3931(g)(1) provides,

> If a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that
> (A) the servicemember was materially affected by reason of that military service in making a defense to the action; and
> (B) the servicemember has a meritorious or legal defense to the action or some part of it.

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 CA 1331

JENNIE MARY WALDROP

VERSUS

CHRISTOPHER PAUL MILEY

************************************************

**McClendon, J., concurring.**

Under the specific facts presented herein, I concur in the result reached by the majority.